968 F.2d 22
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Clyde PONCHO, Defendant-Appellant.
 No. 90-2270.
 United States Court of Appeals, Tenth Circuit.
 June 18, 1992.
 
 1
 Before SEYMOUR and EBEL, Circuit Judges, and MATSCH, District Judge*
 
 
 2
 ORDER AND JUDGMENT*
 
 
 3
 MATSCH, District Judge.
 
 
 4
 This appeal, pursuant to 18 U.S.C. § 3742(a) contends that the sentencing court incorrectly applied the guidelines by increasing the defendant's offense level by two levels under U.S.S.G. § 3A1.1, which provides as follows:
 
 
 5
 If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increased by two levels.
 
 
 6
 The defendant pleaded guilty to the first count of a four count indictment charging him with knowingly engaging in a sexual act with a minor in Indian Country. The other three counts of that indictment charged the same offense with the same person on other occasions. In another indictment, the defendant was charged in three counts with sexual abuse of a minor, the younger sister of the victim in the offense of conviction. By the terms of the plea agreement, that indictment and the other three counts of the subject indictment were dismissed at the time of sentencing.
 
 
 7
 The presentence report went well beyond the offense of conviction in describing the offense conduct by including information concerning the victim in the dismissed indictment. With respect to the offense of conviction, the probation office reported that the victim was 12 years old and was the niece of the defendant. The court was also advised that the sexual abuse occurred when the victim's parents were not at home and when she and her younger sister were alone with the defendant in the family home.
 
 
 8
 The defendant objected to the description of the offense conduct and to other statements in the presentence report. The sentencing judge determined that no evidentiary hearing was required on the objections, finding that the matters contained in the report relating to the other indictment were inappropriate and that other disputed information in the report was not being relied upon for sentencing, pursuant to Rule 32 of the Federal Rules of Criminal Procedure. This ruling has not been questioned by this appeal. The court's basis for the victim related adjustment is contained in the following statement made at the sentencing hearing:
 
 
 9
 ... The court concludes the adjustment as to the vulnerable victim is appropriate in view of the Defendant's relationship with the victim, the victim's age, and the time and place of the sexual abuse.
 
 
 10
 The challenge to the court's ruling is that age should not have been a factor in the sentence because Application Note 2 to Section 3A1.1 cautions that the vulnerable victim adjustment should not be applied if the offense guideline specifically incorporates this factor. The offense guideline in this case is U.S.S.G. § 2A3.2, providing a base level of 15 for criminal sexual abuse of a minor (statutory rape) or attempt to commit such act. Under the background commentary to that guideline, the Sentencing Commission has stated that the section applies to sexual acts that would be lawful but for the victim's age.
 
 
 11
 The government concedes that if the adjustment had been made for age alone, it would have been inappropriate, citing United States v. Plaza-Garcia, 914 F.2d 345 (1st Cir.1990). Here, however, the court refers to the victim's relationship to the defendant and the time and place of the sexual abuse. These factors demonstrate that the victim was otherwise particularly susceptible to the criminal conduct. Much more was involved here than the victim's lack of capacity to consent.
 
 
 12
 The admitted facts make this crime more serious than statutory rape. The court's conclusion that the victim was particularly susceptible to the sex abuse was based on the uncontroverted information in the presentence report that the crime was committed by her uncle in the family home with her younger sister there. These circumstances, combined with the very tender age of the victim, warrant the adjustment.
 
 
 13
 While age alone would be an inappropriate reason for the increase, the complete exclusion of age as one of the circumstances would be contrary to common sense, given the infinite variety of circumstances in which a 46 year old man may abuse a pre-adolescent child. Having determined that the trial court did not abuse its discretion in this case, it is
 
 
 14
 ORDERED that the judgment is AFFIRMED.
 
 
 
 *
 The Honorable Richard P. Matsch, United States District Judge for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel, 10th Cir.R. 36.3