**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Allen Medrano PASSI, Defendant–
Appellant.**

**No. 95–3000.**

United States Court of Appeals,
Tenth Circuit.

Aug. 9, 1995.

Submitted on the briefs.*

Randall K. Rathbun, U.S. Atty., and Leon J. Patton, Asst. U.S. Atty., Kansas City, KS, for plaintiff-appellee.

David J. Phillips, Federal Public Defender, Kansas City, KS, for defendant-appellant.

Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Allen Medrano Passi appeals from a judgment of the district court sentencing him to a term of imprisonment of 110 months. Mr. Passi appeals as of right pursuant to Fed. R.App.P. 4(b). Jurisdiction is proper in this court under 28 U.S.C. § 1291, and we affirm.

I

Mr. Passi pled guilty to two charges of knowingly engaging in a sexual act with a minor on federal property in violation of 18 U.S.C. § 2243(a). In his plea agreement, Mr. Passi stipulated the child victim was his thirteen year old biological daughter and the child victim gave birth as a result of the sexual act charged against Mr. Passi.[1]

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

1. The plea agreement, in pertinent part, states: The United States and Allen Medrano Passi agree to recommend to the court under Fed. R.Crim.P. 11(e)(1)(B) that the following factors be applied in sentencing the defendant.
    (a). The parties recommend that the court find that the fact that the child victim was impregnated and gave birth as a result of the sexual act charged ... warrants an upward departure of two levels under U.S.S.G. § 5K2.0.

(b). The parties recommend that the court find that the fact that the child victim was the daughter of the defendant warrants an upward departure under U.S.S.G. 5K2.0; the parties further agree that the defendant will argue that a 1 level departure is warranted and that the government will argue that a 2 level departure is warranted.

(c). It is the intent and recommendation of the parties that the two counts of conviction, as well as the four additional counts of misconduct to which the defendant stipulates, are to be "treated like convictions and trigger application of the multiple count analysis set forth in [U.S.S.G.] sections 3D1.1–3D1.5. That is provided for in guideline Section

Sexual abuse of a minor, 18 U.S.C. § 2243(a), carries a punishment of a fine or imprisonment of not more than fifteen years or both and is typically sentenced under USSG § 2A3.2 (Criminal Sexual Abuse of a Minor (Statutory Rape) or Attempt to Commit Such Acts). USSG § 2A3.2, comment. (Statutory Provision). Section 2A3.2 imposes a base offense level of 15:

2A3.2 *Criminal Sexual Abuse of a Minor (Statutory Rape) or Attempt to Commit Such Acts*

(a) Base Offense Level: 15

(b) Specific Offense Characteristic

(1) If the victim was in the custody, care, or supervisory control of the defendant, increase by 2 levels.

(c) Cross Reference

(1) If the offense involved criminal sexual abuse of attempt to commit criminal sexual abuse (as defined in 18 U.S.C. § 2241 or § 2242), apply § 2A3.1 (Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse).

*Background:* This section applies to sexual acts that would be lawful but for the age of the victim. It is assumed that at least a four-year age difference exists between the victim and the defendant, as specified in 18 U.S.C. § 2243(a). An enhancement is provided for a defendant who victimizes a minor under his supervision or care.

Using § 2A3.2, Mr. Passi requested a sentencing guideline range of 41–51 months while the prosecution requested a range of 46–57 months. These ranges constituted upward departures from § 2A3.2's base offense level of 15. The government and Mr. Passi agreed to a two level increase because the victim became pregnant and gave birth due to the sexual abuse and a five level increase due to Mr. Passi's multiple offenses. Because the victim was Mr. Passi's daughter the government recommended a two level sentencing increase, but Mr. Passi felt the increase should be limited to one level and gave no reason in support of his position.

Although the parties proposed sentencing under § 2A3.2, the district court instead determined USSG § 2A3.1 (Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse) was the appropriate guideline section. Before imposing the sentence, however, the court advised the parties of its intent to use § 2A3.1 and explained that Mr. Passi had stipulated to aggravated incest under Kansas state law rather than sexual abuse of a minor. The court concluded § 2A3.2 did not cover offenses of incest because the background commentary to § 2A3.2 states that section "applies to sexual acts that would be lawful but for the age of the victim." The court gave both parties an opportunity to research and argue this issue. Specifically, the court asked the parties whether the stipulation established the offense of aggravated incest under Kansas state law and the Assimilative Crimes Act resulting in a sentence to be imposed under § 2A3.1.

After considering arguments from both parties, the court determined Mr. Passi had stipulated to a more serious offense, aggravated incest, than the offense of sexual abuse of a minor. Despite Mr. Passi's objections, the court concluded the appropriate section to be used in calculating his offense level was § 2A3.1. Section 2A3.1 specifies:

(a) Base Offense Level: 27

(b) Specific Offense Characteristics

(1) If the offense was committed by the means set forth in 18 U.S.C. § 2241(a) or (b) (including, but not limited to, the use or display of any dangerous weapon), increase by 4 level.

(2)(A) If the victim had not attained the age of twelve years, increase by 4 levels; or (B) if the victim had attained the age of twelve years but had not attained the age of sixteen, years, increase by 2 levels.

(3) If the victim was (A) in the custody, care, or supervisory control of the defendant; or (b) a person held in the custody of a correctional facility, increase by 2 levels.

. . . .

*Background:* Sexual offenses addressed in this section are crimes of violence.

1B1.2(c)." ... *United States v. Zamarripa,* 905 F.2d 337, 341 (10th Cir.1990).

The court used the base offense level of 27 and departed upward to a level of 33. This six level increase consisted of a two level increase because the victim was under sixteen years old, a two level increase because the victim was in the custody of Mr. Passi at the time of the offense, and a two level increase due to Mr. Passi's multiple offenses. The court then granted a two level reduction for acceptance of responsibility. This resulted in a total offense level of 31 and a sentence of 110 months in prison.

## II

■ On appeal, Mr. Passi argues the court erred in finding he stipulated to facts establishing the more serious offense of aggravated incest and, even if he did stipulate to the facts comprising a more serious offense, § 2A3.2 remains the offense guideline most applicable to the stipulated offense. In appeals of sentences, we give due deference to the district court's application of the guidelines to the facts, and we review contested issues of law de novo. *United States v. Rutter,* 897 F.2d 1558, 1560 (10th Cir.), *cert. denied,* 498 U.S. 829, 111 S.Ct. 88, 112 L.Ed.2d 60 (1990).

## A

Mr. Passi first asserts the court erred in sentencing him for the offense of aggravated incest. He contends he did not plead guilty to incest.

■ Mr. Passi explicitly pled guilty to sexual abuse of a minor, 18 U.S.C. § 2243(a), but then stipulated that the victim was his daughter. When a stipulation as part of a plea agreement specifically establishes facts that prove a more serious offense than the offense of conviction, the court is to apply the guideline most applicable to the more serious offense established. USSG § 1B1.2(a). The sentence that may be imposed is limited however to the maximum authorized by statute under which the defendant is *convicted.* USSG § 1B1.2, comment. (n.1).

■ Because Mr. Passi committed his offenses within the boundaries of Fort Leavenworth, Kansas, the district court properly consulted Kansas law to demarcate Mr. Pas-

si's offense for sentencing purposes. *See* 18 U.S.C. §§ 7(3) & 13. Aggravated incest, articulated by Kan.Stat.Ann. § 21–3603, requires the offender knowingly engaged in a prohibited sexual act with a person under eighteen years old and who was known to the offender to be biologically related. Mr. Passi stipulated to facts establishing these elements: he knowingly engaged in sexual intercourse with his thirteen year old biological daughter. Thus, the district court correctly found Mr. Passi stipulated to the offense of aggravated incest.

## B

Mr. Passi asserts in the alternative, assuming he stipulated to aggravated incest, the court erred in sentencing him under § 2A3.1 rather than § 2A3.2.

■ When a plea agreement contains stipulations that specifically establish a more serious offense than the offense of conviction, the court is to determine the most appropriate guideline for sentencing. USSG § 1B1.2(a). Because none of the sentencing guidelines specifically covers aggravated incest, the district court searched for the most analogous guideline section. Mr. Passi contends § 2A3.2 is the most applicable guideline to his stipulated offense because it accounts for sexual abuse of minors within the custody, care, or control of the offender. *See* USSG § 2A3.2(b)(1).

Although § 2A3.2 addresses sexual abuse of a minor in the custodial care of the offender, it does not expressly address incest. Thus, the district court consulted the background commentary of § 2A3.2 to understand the intended scope of § 2A3.2. We agree with the district court that the statement "[t]his section applies to sexual acts that would be lawful but for the age of the victim" may exclude incest. Sexual relations with one's biological daughter is illegal in Kansas regardless of the victim's age. *See* Kan.Stat.Ann. § 21–3602.

The court determined § 2A3.1 rather than § 2A3.2 was the most applicable guideline. Mr. Passi asserts this was an error because the background commentary to § 2A3.1 states "[s]exual offenses addressed in this

section are crimes of violence." Mr. Passi argues that the sexual abuse of his thirteen year old daughter was not an act of violence. He alleges his daughter was not brutalized and was not having great psychological problems due to the incest. However, the district court stated "psychological brutalization is inherent in an offense like this and incest and rape are in the same category as both being crimes of violence inherently whether or not raw force is used."

We find the court has support in classifying sexual abuse of a minor, regardless of incest, as a crime of violence. In *United States v. Reyes–Castro*, 13 F.3d 377 (10th Cir.1993), we held attempted sexual abuse of a minor was a violent offense under 18 U.S.C. § 16. We stated, "when an older person attempts to sexually touch a child under the age of fourteen, there is always a substantial risk that physical force will be used to ensure the child's compliance." *Reyes–Castro*, 13 F.3d at 379. In Mr. Passi's case, not only was the victim under fourteen, she reported to the investigators that Mr. Passi used intimidation and threats to force himself sexually upon her.[2] We hold Mr. Passi's offense was appropriately characterized and sentenced as a violent crime under § 2A3.1.

### III

We find no error by the district court, and accordingly, **AFFIRM** Mr. Passi's sentence.

**2.** Mr. Passi asks us to consider an unpublished opinion, *United States v. Poncho*, 968 F.2d 22, 1992 WL 138618 (10th Cir.N.M.) (June 19, 1992), in which an incest offender was sentenced under § 2A3.2. Citation to unpublished opinions is still not favored in the Tenth Circuit, General Order of November 29, 1993; therefore, *Poncho* at most has only persuasive value on a material issue. The issue in *Poncho* was whether the sentencing court correctly increased the defendant's sentence under USSG § 3A1.1. The panel did not address the application of § 2A3.2 or § 2A3.1. Because the selection of sentencing guidelines was not an issue in *Poncho*, that case has no value for our analysis.