**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 30 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANTONIO RAYMOND CAVALLO,

Defendant-Appellant.

No. 98-4097
(D.C. No. 97-CR-208)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **BARRETT** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant Antonio Raymond Cavallo challenges his sentence of 108 months, imposed for the offense of transporting a minor across state lines for illegal sexual purposes in violation of 18 U.S.C. § 2423(a). Our jurisdiction arises under 29 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

## BACKGROUND

On July 2, 1997, Cavallo was indicted on five counts of interstate transportation of two minors for illegal sexual purposes. He pled guilty to two counts involving the transportation of a boy referred to as "FD" from Idaho to Salt Lake City, Utah. At the time of the offense, FD was over the age of twelve but under the age of sixteen.

The district court held a sentencing hearing, at which testimony was received from FD's mother, a parent of the alleged victim in the dismissed counts, and a parent of a third boy, who was the victim in a Utah state court criminal action against Cavallo. Also testifying were two character witnesses for Cavallo and Cavallo himself. At the close of the hearing, the court advised Cavallo that, unless persuaded otherwise, it intended to sentence him under the sentencing guideline for criminal sexual abuse, U.S.S.G. § 2A3.1, and to impose an upward departure under application note four of that guideline, for engaging in multiple acts of criminal sexual abuse. R., Vol. III at 45-46. To ensure that

Cavallo had an adequate opportunity to be heard on the issue, the court ordered additional briefing and scheduled another sentencing hearing.

At the second hearing, counsel for Cavallo argued against the upward departure, but did not provide a coherent argument on the more fundamental issue, the application of § 2A3.1.     See R., Vol. IV at 60-66.  The district court found that Cavallo had engaged in criminal sexual abuse and that, accordingly, § 2A3.1 provided the appropriate sentencing guideline.     Id. at 66-67.

The court then turned to the applicability of application note four of § 2A3.1, which states that an upward departure may be warranted if the court determines that the offense involved multiple acts of criminal sexual abuse. After finding that Cavallo had engaged in more than two criminal sexual acts, it imposed a one-level upward departure.  R., Vol. IV at 77-78.

## DISCUSSION

On appeal, Cavallo argues that the district court erred (1) by sentencing him under the guideline for criminal sexual abuse, § 2A3.1, and (2) by imposing the upward departure for multiple acts of sexual abuse.  We generally review the district court's factual findings for clear error and its interpretation of the Sentencing Guidelines de novo.     See United States v. Flores    , 149 F.3d 1272, 1279 (10th Cir. 1998),   cert. denied  , 119 S. Ct. 849 (1999).  If an objection is not raised at the sentencing hearing, however, we review the challenged interpretation only

for plain error. See Fed. R. Crim. P. 52(b); United States v. Farnsworth, 92 F.3d 1001, 1007 (10th Cir. 1996). To establish plain error, a defendant must show that a clear and obvious error affected his substantial rights and seriously affected the integrity of his judicial proceedings. See Johnson v. United States, 520 U.S. 461, 467 (1997) (citing United States v. Olano, 507 U.S. 725, 732 (1993)).

"Under the Guidelines, the sentencing court is directed to select the appropriate guideline in light of the crime of conviction." United States v. Frias-Trujillo, 9 F.3d 875, 877 (10th Cir. 1993). The starting point for sentencing Cavallo is U.S.S.G. § 2G1.1, the applicable guideline for the interstate transportation offense in question. Section 2G1.1(c) provides cross references to other guidelines "applicable to the underlying prohibited sexual conduct." § 2G1.1(c).

Cavallo contends that, based on his underlying conduct, the district court should have followed the cross reference to § 2A3.4, the abusive sexual contact guideline, rather than to § 2A3.1, the sexual abuse guideline. After an independent review of the entire record, we disagree. "Sexual abuse offenses are treated as more serious than sexual contact offenses." United States v. Norman T., 129 F.3d 1099, 1103 (10th Cir. 1997), cert. denied, 118 S. Ct. 1322 (1998). If the offense included a "sexual act" as defined in 18 U.S.C. § 2246, it constitutes sexual abuse, not sexual contact. See 18 U.S.C. §§ 2241, 2242,

2244(a).  Because Cavallo concedes that he has engaged in acts that meet the statutory definition of a sexual act, § 2A3.4 is not the appropriate guideline. See U.S. Sentencing Guidelines Manual § 2A3.4 background commentary (1997) ("This section covers abusive sexual contact not amounting to criminal sexual abuse. . . .").

In the alternative, Cavallo urges that the district court should have applied § 2A3.2, the statutory rape guideline.  Again, we disagree.  Section 2A3.2 "'applies to sexual acts that would be lawful but for the age of the victim.'" United States v. Passi, 62 F.3d 1278, 1281 (10th Cir. 1995) (quoting U.S. Sentencing Guidelines Manual § 2A3.2 background commentary).  Cavallo's admitted conduct includes acts which are illegal in Utah, regardless of the age of the participants.    See Utah Code Ann. §§ 76-5-403, -403.1 (1953).

The district court correctly determined that § 2A3.1 is the guideline applicable to the conduct underlying Cavallo's transportation offense.        See Passi, 62 F.3d at 1282.  Accordingly, it did not err in sentencing Cavallo under that guideline.

To review Cavallo's attack on the upward departure, we inquire

> (1) whether the factual circumstances supporting a departure are permissible departure factors; (2) whether the departure factors relied upon by the district court remove the defendant from the applicable Guideline heartland thus warranting a departure; (3) whether the record sufficiently supports the factual basis underlying the departure; and (4) whether the degree of departure is reasonable.

United States v. Whiteskunk, 162 F.3d 1244, 1249 (10th Cir. 1998) (quoting United States v. Collins, 122 F.3d 1297, 1303 (10th Cir. 1997)).  We review the district court's decision under a unitary abuse-of-discretion analysis, reviewing the permissibility of the factors upon which the district court based its departure without deference, but affording substantial deference to the finding that the factors upon which it relied warranted the departure imposed.  See Whiteskunk, 162 F.3d at 1249.

Cavallo argues that the departure is improper under the first two factors: permissibility and removal from the guideline heartline.  The argument is misplaced.  These two factors are plainly satisfied.  As we have stated, the district court correctly selected § 2A3.1 as the applicable guideline by following the cross reference in § 2G1.1(c).  "A cross reference . . . refers to the entire offense guideline."  § 1B1.5.  Application note 4 to § 2A3.1 specifically states that an upward departure "would be warranted" in instances of "multiple acts of criminal sexual abuse."  Thus, the departure, imposed for the commission of multiple acts of criminal sexual abuse, is based on a permissible factor which removes the defendant from the heartland of § 2A3.1.  Moreover, contrary to Cavallo's contentions, the district court did not base his finding of multiple acts of criminal sexual abuse on the fact that Cavallo pled guilty to two counts of transportation of a minor for illegal sexual purposes.  The upward departure was based on the

court's considered determination that Cavallo had committed a series of criminal sexual acts.   See R., Vol. IV a 66-67; 77-79.

The judgment of the district court is AFFIRMED.


Entered for the Court


James E. Barrett
Senior Circuit Judge