**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 8 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

No. 02-1367

JOSE PATRICK VIGIL,

Defendant - Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D. Ct. No. 01-CR-168-D)**

Lynn Hartfield, Assistant Federal Public Defender (Michael G. Katz, Federal Public Defender, and Charles Szekely, Assistant Federal Public Defender, on the briefs), Office of the Federal Public Defender for the Districts of Colorado and Wyoming, Denver, Colorado, appearing for Appellant.

Joshua Stein, Assistant United States Attorney (John Suthers, United States Attorney, with him on the brief), Office of the United States Attorney, Denver, Colorado, appearing for Appellee.

Before **TACHA**, Chief Circuit Judge, **BRORBY**, Senior Circuit Judge, and **O'BRIEN**, Circuit Judge.

**TACHA**, Chief Circuit Judge.

Defendant-Appellant, Jose Patrick Vigil, appeals his sentence for possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). Specifically, he appeals the district court's determination that his prior state conviction for aggravated incest constituted a prior conviction for a "crime of violence" within the meaning of U.S.S.G. § 4B1.2, resulting in a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A) and a sentence of 27 months imprisonment. We exercise jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

I.     BACKGROUND

The parties do not dispute the relevant facts. Before his conviction for the offense at issue in this case, Vigil sustained two felony convictions, including a conviction for aggravated incest in violation of section 18-6-302 of the Colorado Revised Statutes. Specifically, in 1989, Vigil was convicted of sexually penetrating his natural child over a period of slightly less than two years.[1]

The acts supporting conviction in the instant case occurred between approximately April 1996 and June 2000, when Vigil repeatedly pawned and redeemed a rifle at a pawn shop in Security, Colorado. He was subsequently charged with, and pleaded guilty to, one count of possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district

---

[1] Vigil's other felony conviction, in 1996, was for attempted criminal mischief. That conviction does not bear upon our consideration of the instant case.

court entered judgment against him on August 26, 2002.

At sentencing, the parties disputed the appropriate base offense level under the United States Sentencing Guidelines. The government argued that aggravated incest, as defined by Colo. Rev. Stat. § 18-6-302, constitutes a "crime of violence" within the meaning of U.S.S.G. § 4B1.2, and that Vigil's base offense level should accordingly be increased from 14 to 20 under U.S.S.G. § 2K2.1(a)(4)(A) . Vigil argued that the Colorado statute did not define a crime of violence for purposes of § 4B1.2, and that his base offense level should therefore be 14.[2] The district court requested briefing on this issue, and both parties filed written submissions.

In determining whether Vigil's 1989 conviction for aggravated incest constituted a crime of violence under § 4B1.2 for purposes of calculating his base offense level under § 2K2.1, the district court declined to consider the Presentencing Report from the 1989 Colorado case. To determine the age of Vigil's daughter at the time her father sexually penetrated her, the district court considered only the charging document and judgment of conviction from the 1989 aggravated incest case. Based upon these documents, the district court found that

[2] The parties agree that, if this court determines that aggravated incest does not constitute a crime of violence under § 4B1.2, then the "sporting exception" set forth in U.S.S.G. § 2K2.1(b)(2) would apply. Because we hold that aggravated incest as defined in the relevant Colorado statute is a crime of violence for purposes of § 4B1.2, we need not consider the applicability of § 2K2.1(b)(2).

Vigil's daughter would have been approximately 18 years old at the time of the offense.[3]

To determine whether aggravated incest under section 18-6-302 of the Colorado Revised Statutes constituted a crime of violence for purposes of § 4B1.2, the district court relied on the methodology set forth in *United States v. Dwyer*, 245 F.3d 1168, 1171 (10th Cir. 2001). Under *Dwyer*, a court generally considers only the statutory elements of the crime; if, however, the statute's language is ambiguous or broad enough to encompass both violent and nonviolent crimes, a court may look beyond the statute to certain records of the prior proceeding, such as the charging documents, the judgment, any plea thereto, and findings by the court. *Id.*

Applying *Dwyer*, the district court determined that aggravated incest as defined by the Colorado statute is, categorically, a crime of violence for purposes of § 4B1.2. Specifically, the district court concluded that "when a father inflicts sexual penetration or sexual intrusion on a child that's . . .18 years old . . . that implies force and . . . that implied force is sufficient to make this aggravated incest a crime of violence within the meaning of section 4B1.2." Based on this conclusion, the district court increased Vigil's base offense level under U.S.S.G.

---

[3] We are uncertain how the district court reached this conclusion and do not adopt this finding for purposes of our analysis.

-4-

§ 2K2.1(a)(4)(A) and held that the "sporting exception" set forth in § 2K2.1(b)(2) did not apply to reduce his base offense level.[4] The district court sentenced Vigil to 27 months imprisonment, followed by two years of supervised release. This appeal followed.

II.   DISCUSSION

   *A.   Standard of Review*

Whether a statute defines a "crime of violence" for purposes of U.S.S.G. § 4B1.2 is a question of statutory construction, which we review de novo. *United States v. Riggans*, 254 F.3d 1200, 1203 (10th Cir. 2001), *cert. denied*, 534 U.S. 932 (2001); *United States v. Spring*, 80 F.3d 1450, 1463 (10th Cir. 1996).

   *B.   Overview of Applicable Law*

      1.   Section 4B1.2 of the United States Sentencing Guidelines

Pursuant to U.S.S.G § 2K2.1(a)(4)(A), Vigil's base offense level for violation of 18 U.S.C. § 922(g)(1) would be 20 if he "committed any part of the

_____

[4] Section 2K2.1 provides in relevant part:

> If the defendant, other than a defendant subject to subsection . . . [(a)(4)'s "crime of violence" enhancement]. . . possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the offense level determined above to level 6.

U.S.S.G. § 2K2.1(b)(2).

instant offense subsequent to sustaining one felony conviction of . . . a crime of violence." Under the Guidelines, "[t]he term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–

> (1)   has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)   is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The application notes following § 4B1.2 explain that "crime of violence" includes, *inter alia*, "murder, manslaughter, kidnapping, aggravated assault, *forcible sex offenses*, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." *Id.*, Application note 1 (emphasis added).

In determining whether a particular felony offense constitutes a crime of violence within the meaning of § 4B1.2, we employ a "categorical" approach that omits consideration of the particular facts of the case. *See United States v. Pierce*, 278 F.3d 282, 286 (4th Cir. 2002) (determination of whether state conviction for taking indecent liberties with a child constitutes a crime of violence under § 4B1.2 requires a "categorical approach, which takes into account only the definition of the offense and the fact of conviction"); *United States v. Reyes-Castro*, 13 F.3d 377, 379 (10th Cir.1993) (same categorical approach applies to "crime of violence" determinations under 18 U.S.C. § 16(b)); *see also*

*Taylor v. United States*, 495 U.S. 575, 600 (1990) (determination of whether burglary constitutes a predicate crime of violence under 18 U.S.C. § 924(e) "mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions"). "When the definition of the predicate offense is ambiguous and does not reveal whether it is a crime of violence, we may discover the nature of the offense for which the defendant was actually convicted by looking at the charging document and the jury instructions . . . [but this] inquiry must never 'involve [ ] a factual inquiry into the facts previously presented and tried.'" *Pierce*, 278 F.3d at 286 (citation omitted). Thus, our inquiry begins—and in this case ends—with an examination of the Colorado statute under which Vigil was convicted in 1989.

> 2. The Colorado Aggravated Incest Statute

The portion of the statute of conviction under which Vigil entered his guilty plea provides:

A person commits aggravated incest when he or she knowingly:

(a) Marries his or her natural child or inflicts sexual penetration or sexual intrusion on or subjects to sexual contact, as defined in section 18-3-401, his or her natural child, stepchild, or child by adoption . . . . For the purpose of this paragraph (a) only, "child" means a person under twenty-one years of age.

Colo. Rev. Stat. § 18-6-302(1)(a). [5] The information to which Vigil pled guilty

charged that "[b]etween July 2, 1983 and March 31, 1985, Jose Patrick Vigil did

unlawfully, knowingly and feloniously inflict sexual penetration upon . . . his

natural child; In violation of Colorado Revised Statutes 18-6-302." Colorado

defines "sexual penetration" as follows: "'Sexual penetration' means sexual

intercourse, cunnilingus, fellatio, analingus, or anal intercourse. Emission need

not be proved as an element of any sexual penetration. Any penetration, however

slight, is sufficient to complete the crime." Colo. Rev. Stat. § 18-3-401(6).

## C.    Analysis

In this case, the question before us is whether, without reference to the

underlying facts of the case, the offense set forth in Colo. Rev. Stat. § 18-6-302

"has as an element the use, attempted use, or threatened use of physical force

against the person of another," thereby satisfying the first prong of U.S.S.G. §

4B1.2, or " otherwise involves conduct that presents a serious potential risk of

---

[5] As Vigil points out, Colo. Rev. Stat. § 18-6-302 proscribes a range of conduct, not merely sexual penetration of the defendant's natural child. Subsection (1)(b) provides that a person commits aggravated incest when he or she:

> Marries, inflicts sexual penetration or sexual intrusion on, or subjects to sexual contact, as defined in section 18-3-401, a descendant, a brother or sister of the whole or half blood, or an uncle, aunt, nephew, or niece of the whole blood who is under ten years of age.

Colo. Rev. Stat. § 18-6-302(1)(b).

physical injury to another," thereby satisfying section 4B1.2's second prong. We consider each question in turn.

The district court held that Colorado's aggravated incest statute defines a crime of violence based on the first prong of section 4B1.2, concluding that section 18-6-302 contains as an element the threatened use of physical force. As Vigil points out, the district court did so in spite of the fact that the statute prohibits a range of conduct and does not expressly require the threatened use of physical force. The district court determined, however, that the requisite threat of force is implied whenever a parent inflicts sexual penetration on his or her child. While we base our holding primarily on the "serious threat of physical injury" analysis under the second prong of section 4B1.2, we agree with the district court's conclusion.

The Fourth Circuit's decision in *Pierce* is in accord. Inferring "constructive force" from the power disparity between an adult abuser and his child-victim, the *Pierce* court held that the crime of taking indecent liberties with a child, under a North Carolina statute that does not require physical touching, constitutes a "forcible sex offense" and is therefore categorically a crime of violence for purposes of § 4B1.2's first prong. [6] 278 F.3d at 289-91 (citing

_____

[6] The *Pierce* court first found that the North Carolina statute defined a crime of violence under § 4B1.2's second prong. 278 F.3d at 287-89.

U.S.S.G. § 4B1.2 & Application Note 1). The court explained that explicit threats are not necessary to render such felonies "forcible" sex offenses:

> "The youth and vulnerability of children, coupled with the power inherent in a parent's position of authority, creates a unique situation of dominance and control in which explicit threats and displays of force are not necessary to effect the abuser's purpose."

*Id.* at 290 (quoting *State v. Etheridge*, 352 S.E.2d 673, 681 (N.C. 1987)).

The district court's conclusion also finds support in our discussion of aggravated incest in *United States v. Passi*, 62 F.3d 1278 (10th Cir. 1995). In *Passi*, we rejected the defendant's argument that incest was not an act of violence. We agreed with the district court's assessment that "psychological brutalization is inherent in an offense like this and *incest and rape are in the same category as both being crimes of violence inherently whether or not raw force is used*." *Id.* at 1282 (emphasis added).

Based on the above, we conclude that the power asymmetry implicit in aggravated incest, as defined by section 18-6-302, permits the inference of a threat of force; thus, aggravated incest constitutes a "crime of violence" under section 4B1.2(a)(1).

Moreover, we are convinced that aggravated incest "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). In support of his argument to the contrary, Vigil contends that a child's inability to *legally* consent to sexual penetration by her father does not

-10-

preclude the possibility of her *factual* "consent"; according to Vigil, this possibility of factual consent eliminates any serious risk of physical harm resulting from a struggle necessary to subdue the victim. Further, he argues that our previous cases addressing this issue are inapposite because they considered sexual abuse of children significantly younger than his daughter was at the time of the offense to which he pled guilty. Thus, he argues, because sexual penetration of a willing teenage daughter does not necessarily involve a serious risk of physical injury—either from a struggle to subdue an unwilling victim or from the physical dangers of sex with a very young victim—it would be inappropriate to hold that the statute of conviction categorically defines a crime of violence. We find neither of these arguments persuasive.

1. Significance of the Child's Legal Inability to Consent to Aggravated Incest: *United States v. Reyes-Castro*

Our previous cases do not support Vigil's argument that the possibility of the victim's factual consent requires us to hold that aggravated incest is not categorically a crime of violence. In *Reyes-Castro*, we held that attempted sexual abuse of a minor under a Utah statute was a crime of violence under 18 U.S.C. § 16(b),[7] despite the fact that the offense did not contain an element of physical

---

[7] For a discussion of the applicability of cases construing 18 U.S.C. § 16(b) to the categorization of felonies under U.S.S.G. § 4B1.2, see Part II.C.3, *infra*.

-11-

force—indeed, the statute at issue did not even require physical touching of the victim. 13 F.3d at 379. In so holding we adopted the Eighth Circuit's reasoning in *United States v. Rodriguez*, 979 F.2d 138, 141 (8th Cir. 1992). Considering "the role of force in crimes where lack of victim consent is an element," the *Rodriguez* court analogized the sexual abuse of a minor, who is incapable of legal consent, to the non-consensual touching by a rapist of an adult victim, who is capable of legal consent but does not grant it. *Reyes-Castro*, 13 F.3d at 379-80. We agreed, and held:

> A common sense view of the sexual abuse statute, in combination with the legal determination that children are incapable of consent, suggests that when an older person attempts to sexually touch a child under the age of fourteen, there is always a substantial risk that physical force will be used to ensure the child's compliance. Sexual abuse of a child is therefore a crime of violence under 18 U.S.C. § 16(b).

*Id.* at 379; *accord McCann v. Rosquist*, 185 F.3d 1113, 1119 (10th Cir. 1999), *vacated on other grounds,* 529 U.S. 1126 (2000) (recognizing that "children's lesser physical stature and general vulnerability to violence and sexual exploitation by adults may increase the risk that physical force be exerted to ensure compliance in situations of child sexual abuse").

2.     Significance of the Age of the Victim: *McCann v. Rosquist*

In *McCann*, we reaffirmed our view that the impossibility of legal consent under child sex-abuse statutes is directly analogous to the kind of non-consensual

-12-

sexual touching that constitutes rape. 185 F.3d at 1119-20 & n.8. Accordingly, in *McCann* we applied the logic of *Reyes-Castro* to the non-consensual touching of adults, holding that a Utah criminal offense of forcible sexual abuse constituted a crime of violence under 18 U.S.C. § 16(b) for purposes of the civil liability provision of the Violence Against Women Act, 42 U.S.C. § 13981.

Furthermore, and contrary to Vigil's argument that the relationship between the impossibility of legal consent and the risk of physical injury in our prior cases only applies when the victims are young children, we expressly noted in *McCann* that the age of the victim is immaterial:

> In *Reyes-Castro*, we focused on the relationship between lack of consent and the substantial risk of the application of physical force. *We conclude today that such relationship is significant regardless of the age of the victim.*

*Id.* at 1119-20 (emphasis added); *see also United States v. Phelps*, 17 F.3d 1334, 1342 (10th Cir.1994) (concluding that kidnapping is a violent felony under 18 U.S.C. § 924(e)(2)(B) and emphasizing relationship between lack of consent and risk of physical injury).

In sum, we have previously employed the inability of a victim to legally consent to sexual encounters as a proxy for the coercive nature of sex crimes; and we have further held that the victim's age does not change the significance of the absence of consent—legal or factual. Thus, the possibility of a child-victims's sincere consent to aggravated incest is irrelevant.

-13-

3.    Applicability of *Reyes-Castro* and *McCann* to § 4B1.2

Both *Reyes-Castro* and *McCann* considered whether particular felonies constituted crimes of violence under 18 U.S.C. § 16(b) rather than U.S.S.G. § 4B1.2.  While the definition of "crime of violence" under § 4B1.2 is not identical to that found in 18 U.S.C. § 16(b), we have previously applied the *Reyes-Castro* analysis to § 4B1.2.  In *United States v. Coronado-Cervantes*, we applied our reasoning under 18 U.S.C. § 16(b) in *Reyes-Castro* to hold that sexual contact with a minor, in violation of 18 U.S.C. §§ 1153, 2244(a)(1) & 2245(3)*,* constitutes a crime of violence within the meaning of U.S.S.G § 4B1.2.  154 F.3d 1242, 1243-44 (10th Cir. 1998).  In so holding, we acknowledged the slight difference in the statutory definitions of "crimes of violence":

> We realize that the definitions of "crime of violence" in 18 U.S.C. § 16 and U.S.S.G. § 4B1.2 differ.  The relevant part of 18 U.S.C. § 16 requires a showing that the offense "involves a substantial risk that physical force against the person or property of another may be used," while U.S.S.G. § 4B1.2 requires a showing that the offense "otherwise involves conduct that presents a serious potential risk of physical injury to another."  Nonetheless, we consider *Reyes-Castro* persuasive.

*Id*. at 1244 (citing *United States v. Kirk*, 111 F.3d 390, 394 (5th Cir.1997) and *United States v. Bauer*, 990 F.2d 373, 374-75 (8th Cir. 1993) (prior holding that lascivious acts with a child was a "crime of violence" under 18 U.S.C. § 16 compelled holding that sexual intercourse with victim under sixteen was a "crime of violence" under U.S.S.G. § 4B1.2)).  We remain convinced that the analysis

under § 16(b) set forth in the cases cited *supra* applies with equal force to the question before us under § 4B1.2.

4. The Seventh Circuit's Caselaw

Vigil's reliance on Seventh Circuit precedent for the proposition that aggravated incest should not be categorically a crime of violence is misplaced. Vigil is correct that, in *United States v. Shannon*, the Seventh Circuit declined to adopt a per se inference that a serious risk of injury arises whenever a party violates a statutory-rape statute. 110 F.3d 382, 385-86 (7th Cir. 1997) ("An inference of violence from mere unconsented-to physical contact . . . would not wash in this circuit."); *see also Xiong v. INS*, 173 F.3d 601, 607 (7th Cir. 1999) (factually consented-to sex between 15 year-old and 17 year-old not a crime of violence); *United States v. Thomas*, 159 F.3d 296, 299-300 (7th Cir. 1998) (statute criminalizing sexual intercourse between child under 17 and anyone at least five years older did not mandate the inference of a serious risk of physical injury).

We need not address the reasoning of these cases, however, as they do not consider the aggravating factor of incest.[8] In *Shannon*, the panel expressly distinguished cases involving incest: "Some cases from other circuits might be

---

[8] Indeed, far from addressing incest, all of the cases cited involved defendants unrelated to, and close in age to, their statutory victims.

-15-

read as . . . deeming any felonious sex act with a minor a per se crime of violence. Most of them can be distinguished, however, as involving . . . incest, or other aggravating factors." 110 F.3d at 386. Further, in *U.S. v. Martinez-Carillo*, when the Seventh Circuit did confront the effect of incest on the categorization of sex offenses against children, it held that "incest presents an aggravating factor that evokes a serious potential risk of physical injury." 250 F.3d 1101, 1106 (7th Cir. 2001). Thus, even under the Seventh Circuit precedent upon which Vigil relies, a father's digital penetration of his minor daughter was held a crime of violence, despite the absence of risk factors such as pregnancy and venereal disease:

> [T]he statute of conviction in this case, which punishes more than sexual intercourse with a minor, is concerned with the nature of the relationship between the defendant and the child-victim. The familial bond of trust is violated by actions punished under this statute. A child-victim is likely to comply with the sexual request by or action of her father out of fear stemming from the belief that physical consequences will flow from noncompliance or simply because she trusts him not to do her wrong. We find that incest presents an aggravating factor that evokes a serious potential risk of physical injury. This was alluded to rather markedly in *Shannon*.

*Id.*

5. "Risk"

Throughout his brief, Vigil relies heavily on the possibility that a parent *could* engage in conduct prohibited by the statute of conviction without a serious risk of physical injury to the child-victim. Because the statute governs scenarios in which an older child (defined as a "person under twenty-one years of age")

-16-

sincerely consents to aggravated incest, so the argument goes, the victim's consent eliminates the possibility of a struggle prior to and during penetration, while his or her physical maturity eliminates the risk of physical injury from the act itself. [9]

Vigil's argument ignores the text of the statute and misses the point of the categorical approach. The statute speaks in terms of probability—a "risk"—not certainty. "[R]isk is by definition probable not certain; hence potential rather than actual." *Shannon*, 110 F.3d at 385. Thus, physical injury need not be a certainty for a crime to pose a serious *risk* of physical injury. Accordingly, the possibility that a crime may be completed without injury is irrelevant to the determination of whether it constitutes a crime of violence within the meaning of § 4B1.2.

For example, the statute expressly includes arson and burglary of a dwelling as crimes of violence; yet a sizable percentage of burglaries and arsons occur in "safely" unoccupied homes. Indeed, one assumes that the point of burglary is getting to steal things without confrontation and violence; and arson is a crime against property. *See Pierce*, 278 F.3d at 288 (noting that although "neither arson nor burglary of a dwelling categorically has an element any

---

[9] In support of his argument that such relationships exist, Vigil cites Kathryn Harrison's autobiographical novel, *The Kiss*, which describes in positive terms the author's consensual incestuous relationship with her father.

touching or physical harm to a person" both are categorically crimes of violence, and noting that the Fourth Circuit has categorized attempted breaking and entering of a dwelling, escape, and attempted escape as crimes of violence within the meaning of § 4B1.2); *United States v. Velazquez-Overa*, 100 F.3d 418, 422 (5th Cir. 1996) (supporting categorization of sexual abuse of a child as crime of violence under 18 U.S.C. § 16(b) with analogy to burglary). This is, in fact, the essence and the point of the categorical approach:

> The reason [we do not consider the underlying facts] is clear: either a crime is violent "by its nature" or it is not. It cannot be a crime of violence "by its nature" in some cases, but not others, depending on the circumstances. There is accordingly no need to consider the conduct underlying the defendant's conviction. A sentencing court need only consider the fact that he was convicted and the inherent nature of the offense.

*Velazquez-Overa*, 100 F .3d at 420-21.

Moreover, as we pointed out above, we have already held that (1) the possibility of factual consent does not obviate the risk of physical injury, *Reyes-Pena*, 216 F.3d at 1211, and (2) when considering the relationship between lack of consent and the risk of physical injury, the age of the victim is immaterial. *McCann*, 185 F.3d at 1120. Thus, even assuming that an "older" child could meaningfully "consent" to aggravated incest, and that such an encounter could transpire without greater "risk" of physical injury to the victim than that inherent in "ordinary" sexual intercourse, such a scenario is as irrelevant to our analysis as

similarly "safe" arson and burglary scenarios.

III.   CONCLUSION

For the foregoing reasons, we hold that aggravated incest, as defined by section 18-6-302 of the Colorado Revised Statutes, constitutes a crime of violence within the meaning of U.S.S.G. § 4B1.2.  We therefore AFFIRM the sentence imposed by the district court.

*02-1367, United States v. Vigil*
**O'Brien**, Circuit Judge, concurring.

Judge O'Brien concurs in the result.