**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 05-6215**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GREGORY ALLEN MILTON,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.   Samuel G. Wilson, District Judge.  (CR-95-74; CA-00-31-7)

―――――――――

Submitted:  June 27, 2005          Decided:  July 28, 2005

―――――――――

Before LUTTIG, TRAXLER, and KING, Circuit Judges.

―――――――――

Dismissed by unpublished per curiam opinion.

―――――――――

Gregory Allen Milton, Appellant Pro Se. Thomas Jack Bondurant, Jr., Assistant United States Attorney, Roanoke, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gregory A. Milton seeks to appeal the district court's orders denying as successive his Fed. R. Civ. P. 60(b) motion seeking reconsideration of the court's order denying relief on his motion for post-conviction relief filed under 28 U.S.C. § 2255 (2000), denying his motion to alter or amend judgment, and denying his motion for additional findings. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Jones v. Braxton, 392 F.3d 683, 688 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural rulings by the district court are also debatable or wrong. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Milton has not made the requisite showing. Accordingly, we deny Milton's motions to place his appeal in abeyance as moot, deny Milton's motion requesting leave to file a supplemental informal brief, deny a certificate of appealability, and dismiss the appeal.

- 2 -

Additionally, we construe Milton's notice of appeal and informal brief on appeal as an application to file a second or successive motion under 28 U.S.C. § 2255. <u>United States v. Winestock</u>, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2000). Milton's claims do not satisfy either of these conditions. Therefore, we deny authorization to file a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>