FILED
United States Court of Appeals
Tenth Circuit

September 18, 2012

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

RUFUS TAIWAN SHINES,

　　　　Movant.

No. 12-6208
(D.C. Nos. 5:12-CV-00414-R &
5:10-CR-00272-R-1)
(W.D. Okla.)

**ORDER**

Before **BRISCOE**, Chief Judge, **EBEL** and **HOLMES**, Circuit Judges.

**PER CURIAM**.

　　Rufus Taiwan Shines, a federal prisoner, moves through counsel for authorization to file a second or successive 28 U.S.C. § 2255 motion challenging his sentence. We deny authorization.

　　Mr. Shines was convicted after a jury trial on one count of simple possession of 24.3 grams of a mixture containing cocaine base (i.e., crack cocaine), and one count of being a felon in possession of a firearm. His offenses occurred on March 2, 2010, and his conviction occurred on October 26, 2010. He was sentenced on April 22, 2011, to 60 months' imprisonment on each count, to run concurrently, and three years of supervised release on each count, also to run concurrently. According to Mr. Shines's proposed § 2255 motion, his advisory sentencing range under the

United States Sentencing Guidelines for both offenses was 37-46 months, but his 60-month sentence was based on the version of 21 U.S.C. § 844 in effect at the time of his offense, which mandated a five-year minimum sentence for a first conviction of simple possession of 5 grams or more of crack cocaine. Mr. Shines filed a direct appeal but voluntarily dismissed it. He later filed a § 2255 motion, which was denied, and he voluntarily dismissed an appeal from that denial.

In his application for authorization, Mr. Shines relies on the Supreme Court's recent decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012). In *Dorsey*, the Court held that "the Fair Sentencing Act's new, lower mandatory minimums [for crack cocaine offenses] apply to the post-Act sentencing of pre-Act offenders." 132 S. Ct. at 2335. The Fair Sentencing Act (FSA) of 2010, Pub. L. No. 111-120, 124 Stat. 2372, took effect August 3, 2010, which was after Mr. Shines's offense but before his sentencing. In relevant part, the FSA eliminated the mandatory minimum five-year sentence that was applied to Mr. Shines. *See* § 3, 124 Stat. at 2372 (striking the sentence of § 844 that provided mandatory minimum sentences for simple possession of cocaine base); *Dorsey*, 132 S. Ct. at 2329 ("The Act also eliminated the 5-year mandatory minimum for simple possession of crack."). In his proposed § 2255 motion, Mr. Shines states that the FSA reduced the punishment for simple possession, as applicable to him, to a mandatory minimum sentence of 15 days' imprisonment and a maximum sentence of two years' imprisonment. *See* 21 U.S.C. § 844 ("Any person who violates this subsection may be sentenced to a term of

imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both, except that if he commits such offense after a prior conviction under this subchapter or subchapter II of this chapter, or a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years, and shall be fined a minimum of $2,500 . . . .").  Thus, the relief he seeks in his proposed § 2255 motion is for the district court to vacate his five-year sentence, resentence him consistent with the advisory range, and reduce his term of supervised release to one year in accordance with a revised statutory penalty.

In order to file a second or successive § 2255 motion in the district court, Mr. Shines must first obtain our authorization.  *See* 28 U.S.C. § 2255(h); *id.* § 2244(b)(3).  This court may authorize a claim only if Mr. Shines makes a prima facie showing that the claim relies on (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense"; or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2255(h); *see also id.* § 2244(b)(3)(C).

Mr. Shines relies on § 2255(h)(2), claiming that *Dorsey* announced a new rule of law.  However, *Dorsey* did not announce a new rule of *constitutional* law, as required by § 2255(h)(2).  Instead, *Dorsey* concerned statutory interpretation.  The

Court characterized the issue before it as follows: "The underlying question before us is one of congressional intent as revealed in the Fair Sentencing Act's language, structure, and basic objectives. Did Congress intend the Act's more lenient penalties to apply to pre-Act offenders sentenced after the Act took effect?" *Dorsey*, 132 S. Ct. at 2326. And nothing in the Court's analysis suggests a new rule of constitutional law. Because new statutory interpretations cannot be raised in a second or successive § 2255 motion, *see Brace v. United States*, 634 F.3d 1167, 1170 (10th Cir. 2011), we DENY Mr. Shines's motion for authorization. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).