**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GREGORY A. MILTON,

     Petitioner-Appellant,

v.

CHARLES A. DANIELS,

     Respondent-Appellee.

No. 12-1198
(D.C. No. 1:12-CV-00998-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Gregory A. Milton, pro se,[1] appeals from the district court's dismissal of

his petition for a writ of habeas corpus under 28 U.S.C. § 2241.[2] We **affirm** the

---

[*]     This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]     Because Mr. Milton is proceeding pro se, his filings are construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

[2]     As a federal prisoner proceeding under § 2241, Mr. Milton "does not need a certificate of appealability to appeal a district court's denial of the petition." *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000); *see McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n. 1 (10th Cir. 1997) ("[A] certificate of appealability under the Antiterrorism and Effective Death Penalty Act of 1996

(continued...)

district court's dismissal of his § 2241 petition for lack of jurisdiction.

## I

Mr. Milton was convicted in the United States District Court for the Western District of Virginia of conspiracy to traffic in crack cocaine, in violation of 21 U.S.C. § 846; obstruction of interstate commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951; and use of a firearm to commit murder, in violation of 18 U.S.C. § 924(c). He was sentenced to concurrent life terms on the conspiracy and Hobbs Act convictions and a consecutive life term on the firearm charge. The Fourth Circuit affirmed his convictions and sentence on appeal. *See United States v. Milton*, 153 F.3d 724, 1998 WL 468812, at *1 (4th Cir. 1998) (per curiam).

Mr. Milton collaterally challenged his convictions and sentence in the United States District Court for the Western District of Virginia under 28 U.S.C. § 2255. The court denied his § 2255 motion, and the Fourth Circuit denied him a certificate of appealability. *See United States v. Milton*, 32 F. App'x 103, 103–04 (4th Cir. 2002) (per curiam). Subsequently, Mr. Milton filed several further collateral attacks on his convictions and sentence, many of which were explicitly brought under § 2255 and others that the courts in question construed as seeking

---

[2](...continued)
is not required in order to appeal a final order in a proceeding under 28 U.S.C. § 2241." (citation omitted)).

-2-

relief under that provision.  However, Mr. Milton did not prevail on any of these filings.  *See, e.g.*, *United States v. Milton*, 449 F. App'x 243, 2011 WL 4587571, at *1 (4th Cir. 2011) (per curiam); *United States v. Milton*, 367 F. App'x 457, 2010 WL 675025, at *1 (4th Cir. 2010) (per curiam); *United States v. Milton*, 182 F. App'x 209, 210 (4th Cir. 2006) (per curiam); *United States v. Milton*, 141 F. App'x 106, 107 (4th Cir. 2005) (per curiam).

Mr. Milton brought the instant challenge to his convictions and sentence in the United States District Court for the District of Colorado under 28 U.S.C. § 2241.[3]  Typically, challenges to the legality of one's detention must be brought under § 2255, but as Mr. Milton recognized, "§ 2255(e) includes a so-called 'savings clause' which sometimes allows a federal prisoner to resort to § 2241 to challenge the legality of his detention."  *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011).  To use the savings clause, Mr. Milton must show that "the remedy [under § 2255] is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  Before the district court, Mr. Milton argued that § 2255 was inadequate or ineffective because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provisions limiting second or successive

---

[3]     At the time he filed his § 2241 petition, Mr. Milton was confined in Colorado, and thus the United States District Court for the District of Colorado was the proper court for his § 2241 challenge.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined.").

-3-

petitions are unconstitutional, and also because he has newly discovered evidence of actual innocence.

The district court held that Mr. Milton failed to carry his burden of demonstrating that § 2255 was inadequate or ineffective to test the legality of his detention. Specifically, the district court held that the past denials of Mr. Milton's § 2255 motions and the Fourth Circuit's failure to authorize the filing of second or successive § 2255 motions did not make § 2255 inadequate or ineffective. Mr. Milton filed a motion to reconsider, asserting that the district court did not address the constitutional questions he raised in his § 2241 petition—questions that we allegedly left open in our *Prost* decision.

The district court denied this motion, stating, "[L]ike the § 2241 action in *Prost*, nothing Mr. Milton presents satisfies [§ 2255(h)]," which provides the two grounds for which a court of appeals may authorize the filing of a second or successive § 2255 motion, and "[f]urthermore, nothing he asserts identifies what provision of the Constitution is offended by the imposition of this subsection." R., Vol. I, at 51 (Order Den. Mot. for Recons., filed May 11, 2012).

This appeal followed.

## II

### A

"A federal prisoner may file a § 2241 petition to challenge the legality of his conviction under the limited circumstances provided in the so-called 'savings

-4-

clause' of § 2255." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).

One can only proceed under § 2241 by way of the savings clause if "the remedy

[provided] by [§ 2255] is inadequate or ineffective to test the legality of his

detention." 28 U.S.C. § 2255(e). "The petitioner bears the burden of

demonstrating that the remedy in § 2255 is inadequate or ineffective." *Brace*, 634

F.3d at 1169; *see Prost*, 636 F.3d at 584.

"Only in rare instances will § 2255 fail as an adequate or effective remedy

to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d

1070, 1073 (10th Cir. 2010). Notably, "[f]ailure to obtain relief under 2255 does

not establish that the remedy so provided is either inadequate or ineffective."

*Bradshaw*, 86 F.3d at 166 (quoting *Williams v. United States*, 323 F.2d 672, 673

(10th Cir. 1963)) (internal quotation marks omitted); *see Prost*, 636 F.3d at 585.

As set forth in *Prost*, the relevant inquiry is typically "whether a petitioner's

argument challenging the legality of his detention could have been tested in an

initial § 2255 motion. If the answer is yes, then the petitioner may not resort to

the savings clause and § 2241." 636 F.3d at 584.

As recognized by Mr. Milton, *Prost* established our general savings clause

test, but left open the question of "[w]hether the savings clause may be used . . .

to avoid serious constitutional questions arising from the application of

§ 2255(h)," and "the [related] questions [of] whether, when, and how the

application of § 2255(h)'s limits on second or successive motions might (ever)

-5-

raise a serious constitutional question." 636 F.3d at 594.

## B

On appeal, Mr. Milton asserts that § 2255's remedy is inadequate or ineffective to test the legality of his detention and thus he should be permitted to proceed under § 2241. As he did before the district court, Mr. Milton claims that this is so because AEDPA's provisions limiting second or successive petitions are unconstitutional, and because he has newly discovered evidence of actual innocence. By virtue of these arguments, Mr. Milton contends that he has raised a serious constitutional question of the kind that we left open in *Prost*, and were we to decide this constitutional question in his favor, he could proceed under § 2241.

The district court thoughtfully addressed Mr. Milton's arguments. For substantially the same reasons that the district court articulated, we summarily conclude that Mr. Milton has not carried his burden of demonstrating that he meets the savings clause. Consequently, Mr. Milton cannot proceed under § 2241.[4] That said, a few additional comments with respect to Mr. Milton's

---

[4]     Mr. Milton also appeals from the district court's denial of his motion for a preliminary injunction to prevent his transfer to another prison facility until we have decided his appeal. Because Mr. Milton requested the injunction to run only until this appeal was decided, entry of this order and judgment renders his request moot. *Cf. WildEarth Guardians v. Public Serv. Co.*, 690 F.3d 1174, 1190 (10th Cir. 2012) (holding that a claim for injunctive relief is moot because the relief requested had already occurred).

purported constitutional argument are warranted.

Mr. Milton argues that the district court was incorrect in stating that he did not identify what constitutional provisions were implicated by AEDPA's limitations on the filing of second or successive § 2255 motions. In this regard, Mr. Milton says that he identified the provisions before the district court by citing in his § 2241 motion to a document that he filed in a different case in the United States District Court for the Western District of Virginia; he submitted this document, along with other filings from his prior litigation, to the district court with his § 2241 motion. Apparently, in Mr. Milton's view, the constitutional provisions of import here were adequately identified in the Western District of Virginia filing and, by the sole act of citing to that document, he put the district court here on notice of them—even though he never expressly identified them for the court.

Mr. Milton's position, however, is legally untenable. The district court was not required to comb through Mr. Milton's filings to find legal nuggets to support his position. *See, e.g.*, *FDIC v. Schuchmann*, 235 F.3d 1217, 1230 n.11 (10th Cir. 2000); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam) ("Judges are not like pigs, hunting for truffles buried in briefs."). As we have recognized in the appellate context, incorporation by reference is a sorry briefing technique and it seldom (if ever) will be an adequate means to convey an argument to a court. *See In re Antrobus*, 563 F.3d 1092, 1097 (10th Cir. 2009)

("[W]e have disapproved of parties adopting their previous filings in lieu of fully setting forth their argument before this court."); *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 321 F.3d 950, 979 n.14 (10th Cir. 2003) ("This court is under no obligation to consider arguments not fully set forth in a party's appellate brief, including arguments incorporated by reference to prior pleadings or other materials."); *see also* 10th Cir. R. 28.4 ("Incorporating by reference portions of lower court or agency briefs or pleadings is disapproved . . . ."). Even though the court was obliged to construe Mr. Milton's pro se filings liberally, he bore the burden of making his constitutional argument, and the court would have strayed into an impermissible zone if it had endeavored to make the argument for him. *See, e.g.*, *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012) ("[A]s we often reiterate, the generous construction that we afford pro se pleadings has limits, and we must avoid becoming the plaintiff's advocate."); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[B]ecause Pinson appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

Indeed, Mr. Milton does not even expressly inform us of the constitutional provisions upon which he relies. Arguably, his constitutional argument is therefore dead on arrival. Nevertheless, insofar as we can discern the contours of Mr. Milton's constitutional challenge—absent reference to specific constitutional

provisions—we conclude that his challenge is wholly lacking in merit.

Specifically, Mr. Milton contends that the allegedly conflicting burdens of proof

in §§ 2255(h)(1) and 2244(b)(3)(C) render these provisions unconstitutional. As

relevant here, § 2255(h) provides that

> [a] second or successive motion must be certified as provided in
> section 2244 by a panel of the appropriate court of appeals to
> contain – (1) newly discovered evidence that, if proven and
> viewed in light of the evidence as a whole, would be sufficient
> to establish by *clear and convincing evidence* that no reasonable
> factfinder would have found the movant guilty of the offense.

28 U.S.C. § 2255(h)(1) (emphasis added). On the other hand, § 2244(b)(3)(C)

provides that a "court of appeals may authorize the filing of a second or

successive application only if it determines that the application makes a *prima

facie showing* that the application satisfies the requirements of this subsection."

28 U.S.C. § 2244(b)(3)(C) (emphasis added).

Mr. Milton's argument has no merit because the showings required by

§§ 2255(h)(1) and 2244(b)(3)(C) are not contradictory. Rather, they are distinct

showings. And each plays a unique role in the authorization process. Before

proceeding with a second or successive § 2255 motion, § 2255(h) requires

authorization from the court of appeals pursuant to § 2244. *See* 28 U.S.C.

§ 2255(h). Further, under § 2244(b)(3)(C), a court of appeals can only authorize

a second or successive motion if a prima facie showing is made that one of the

two circumstances set forth in § 2255(h) is met. *See In re Shines*, 696 F.3d 1330,

1332 (10th Cir. 2012) ("In order to file a second or successive § 2255 motion in the district court, [a movant] must first obtain our authorization. *See* 28 U.S.C. § 2255(h); *id.* § 2244(b)(3). This court may authorize a claim only if [a movant] makes a prima facie showing that the claim relies on [one of the two types of claims described in § 2255(h)]."); *United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008) ("In order to file a second or . . . successive § 2255 motion, a petitioner must first move the court of appeals for an order authorizing the district court to hear the motion. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3). In turn, this court may grant permission to file a second or successive motion only if the applicant meets [the] criteria [in § 2255(h)]."). Because Mr. Milton's challenge to AEDPA's authorization scheme rests on a misapprehension of that scheme—that is, that the scheme contains unconstitutionally contradictory provisions—his argument is unavailing. Despite his attempt to do so, Mr. Milton has failed to raise a "serious constitutional question" of the kind left open in *Prost.*

## III

We **AFFIRM** the district court's dismissal of Mr. Milton's 28 U.S.C.

§ 2241 petition for lack of jurisdiction.[5]


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge

---

[5] For the reasons above (*see supra* note 4), we **deny** Mr. Milton's request for a preliminary injunction to prevent his transfer to another prison facility as moot. Mr. Milton also sought appointment of counsel to represent him in this matter; in light of our disposition, we also **deny** that motion to appoint counsel as moot.