**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff–Appellee,

v.

RUFUS TAIWAN SHINES,

    Defendant–Appellant.

No. 12-6308
(D.C. No. 5:10-CR-00272-R-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Rufus Shines, a federal prisoner proceeding pro se, appeals from the district

court's denial of his motion to reduce his sentence pursuant to 18 U.S.C.

§ 3582(c)(2). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

On October 26, 2010, a jury convicted Shines of possession of 24.3 grams of a mixture containing cocaine base (crack cocaine), in violation of 21 U.S.C. § 844, and of being a felon in possession of a firearm, in violation of 18 U.S.C § 922(g)(1).  Pursuant to U.S.S.G. § 3D1.2(c), Shines' Pre-Sentence Investigation Report ("PSR") grouped both counts of conviction together because drug possession is a specific offense characteristic that modifies the firearms offense level.  The PSR calculated a base offense level of fourteen for the firearms charge, see § 2K2.1(a)(6)(A), and added four levels because the firearm was possessed in connection with the drug offense, see § 2K2.1(b)(6).  Shines' advisory Guidelines range was thirty to thirty-seven months, but the PSR noted that Shines' mandatory minimum for his drug offense was sixty months' imprisonment based on a prior version of 21 U.S.C. § 844.

On April 22, 2011, Shines was sentenced to sixty months' imprisonment on each count to run concurrently.  Following direct appeal and an unsuccessful habeas petition, Shines petitioned this court for leave to file a second or successive habeas petition.  He argued that under Dorsey v. United States, 132 S. Ct. 2312 (2012), the lower mandatory minimum established by the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, should apply in his case.  See In re Shines, 696 F.3d 1330, 1331 (10th Cir. 2012).  We concluded that Dorsey did not announce a new rule of constitutional law

as required by 28 U.S.C. § 2255(h) and denied his petition. In re Shines, 696 F.3d at 1332.

Shines then filed a motion under 18 U.S.C. § 3582(c)(2), seeking to reduce his sentence based on Amendment 750 to the Guidelines. The district court denied the motion. Shines timely appealed.

**II**

Shines contends that the district court erred in concluding that it lacked the authority to reduce his sentence under § 3582(c)(2). "The scope of a district court's authority in a resentencing proceeding under § 3582(c)(2) is a question of law that we review de novo." United States v. Rhodes, 549 F.3d 833, 837 (10th Cir. 2008).

In general, a "court may not modify a term of imprisonment once it has been imposed." § 3582(c). However, under § 3582(c)(2), a district court may modify a sentence that is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission has issued a policy statement explaining that a sentence reduction is inappropriate under § 3582(c)(2) if " [a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

We conclude that Amendment 750 does not have the effect of lowering Shines'

Guidelines range and therefore the district court correctly denied his § 3582(c)(2) motion. Amendment 750 altered the Guidelines drug-quantity tables for crack cocaine such that a larger quantity is required for each base offense level, and a subsequent amendment applied these changes retroactively. See United States v. Osborn, 679 F.3d 1193, 1194 (10th Cir. 2012). However, Shines' Guidelines range was based on § 2K2.1, the Guideline for firearms offenses, not the drug quantity tables. Therefore, even if Shines were resentenced under today's Guidelines, his applicable Guidelines range would be precisely the same. Cf. United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008) (sentence reduction unavailable in crack cocaine case because amendment had no effect on career offender Guidelines in § 4B1.1, which the court used in sentencing).

We also note that Shines' sentence was based on a statutory minimum. And because Amendment 750 does not lower this mandatory minimum, a reduction in his term of imprisonment is not authorized by § 3582(c)(2). See U.S.S.G. § 1B1.10, cmt. n.1 (sentence reduction not available if an "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another . . . statutory provision"); see also Osborn, 679 F.3d at 1194 n.1 (noting that even after the FSA "in many cases, the operation of the statutory minimum sentence will preclude a sentence reduction under 18 U.S.C. § 3582(c)(2)"). To the extent that Shines also argues that he was never properly subject to the pre-FSA mandatory minimum or that the FSA's

mandatory minimums should apply retroactively to his sentence under <u>Dorsey</u>, we are bound by this court's previous decision in <u>In re Shines</u>, 696 F.3d at 1331, and must reject these arguments.

## III

For the foregoing reasons, the decision of the district court is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge