FILED
**United States Court of Appeals**
**Tenth Circuit**

**September 8, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIGUEL ROMERO,

Defendant - Appellant.

No. 13-3228
(D.C. Nos. 2:13-CV-02281-JWL &
2:05-CR-20017-JWL-2)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **MATHESON**, Circuit Judges.

Defendant Miguel Romero was convicted in 2006 of several drug trafficking crimes and sentenced to life in prison. We affirmed his convictions and sentence in 2008. United States v. Verdin-Garcia, 516 F.3d 884, 889 (10th Cir. 2008). The Supreme Court denied his petition for a writ of certiorari on October 6, 2008. Verdin-Garcia v. United States, 555 U.S. 868 (2008).

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2012 or 2013, Mr. Romero filed a Freedom of Information Act request for files relating to his prosecution. On June 10, 2013, he filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255, claiming that he learned for the first time on April 13, 2013, from the documents he received that the government had offered him a plea. The district court denied the § 2255 motion as untimely under AEDPA's[1] one-year statute of limitations, 28 U.S.C. § 2255(f). R. Vol. 1, at 114-18.

Mr. Romero filed this appeal and a motion for a certificate of appealability (COA), arguing that his trial counsel provided ineffective assistance for failing to inform him of the plea offer, and that AEDPA's one-year clock did not start until April 13, 2013, when he learned that there had been a plea offer. A judge of this court granted Mr. Romero a COA for the purpose of ordering a limited remand for findings to be made, and the district court appointed counsel to represent Mr. Romero on remand. The district court determined after a hearing that the evidence showed that Mr. Romero's counsel advised him of the plea offer, in English and Spanish, on January 20, 2006, or, at the latest, on March 1, 2006. The district court's findings supported its conclusion that AEDPA's one-year clock started on October 6, 2008, making Mr. Romero's June 10, 2013, § 2255 motion untimely. Mr. Romero was allowed time to file a supplemental brief in this court.

Mr. Romero has been given an ample opportunity to make his case, but he has failed to demonstrate factual support for his allegations that his trial counsel did not

---

[1] The Antiterrorism and Effective Death Penalty Act (AEDPA).

advise him of the government's plea offer. His pro se supplemental response changes nothing, except that he takes issue with the competence of the attorney who represented him at the hearing on limited remand. He has not controverted the district court's findings in any way. Upon reflection, we conclude that this appeal is frivolous and that a COA was improvidently granted.

The COA is vacated, and the appeal is dismissed.

Entered for the Court


John C. Porfilio
Circuit Judge