**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 2, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JONATHAN MATTHEW MADRID,

    Defendant - Appellant.

No. 14-2159

———————————————————

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 5:13-CR-03361-RB-1)**
———————————————————

Gregory J. Garvey, Assistant Federal Public Defender, Office of the Federal Public Defender, Las Cruces, New Mexico, for Defendant-Appellant.

Laura Fashing, Assistant United States Attorney (Damon P. Martinez, United States Attorney, with her on the brief), Office of the United States Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.

———————————————————

Before **TYMKOVICH**, Chief Judge, **LUCERO** and **MATHESON**, Circuit Judges.

———————————————————

**LUCERO**, Circuit Judge.

———————————————————

At issue is whether appellant Jonathan Madrid's prior conviction for statutory rape in Texas qualifies as a crime of violence under the United States Sentencing Guidelines. Applying the familiar modified categorical approach, and in light of

Johnson v. United States, 135 S. Ct. 2551 (2015), we hold that it does not. Exercising jurisdiction under 28 U.S.C. § 1291, we vacate Madrid's sentence and remand for resentencing.

**I**

In 2014, Madrid pled guilty to possession of methamphetamine with intent to distribute. A Presentence Investigation Report ("PSR") classified him as a "career offender," which is defined as having "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. The determination that Madrid was a career offender increased his advisory guideline range from 92-115 months to 188-235 months, and was based in part on Madrid's 2004 Texas conviction for aggravated sexual assault of a child. Tex. Penal Code § 22.021(a)(1)(B)(i) & (a)(2)(B) (2004).[1] Over Madrid's objections, the district court adopted the PSR, finding that the Texas conviction qualified as a crime of violence.[2] Madrid timely appealed.

**II**

The only issue Madrid raises on appeal is whether his 2004 conviction qualifies as a crime of violence, justifying his enhanced sentencing recommendation. We review this determination de novo. United States v. Dennis, 551 F.3d 986, 988

---

[1] All citations to § 22.021 herein refer to the 2004 version of the Texas statute, unless otherwise specified.

[2] Madrid does not dispute that his New Mexico conviction for cocaine trafficking qualifies as a controlled substance offense.

(10th Cir. 2008). Under the Guidelines, an offense is a crime of violence if: (1) it "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) it is one of the offenses enumerated in the Guidelines or accompanying commentary as a crime of violence; or (3) it "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(1)-(2).

To determine whether a conviction fits into one of these generic categories, we use one of two methods of analysis: the categorical or modified categorical approach. The Supreme Court's recent decision in <u>Descamps v. United States</u>, 133 S.Ct. 2276 (2013), explains that the modified categorical approach applies when the statute is "divisible"; that is, when it "lists multiple, alternative elements, and so effectively creates several different crimes." <u>Id.</u> at 2285. We use the modified categorical approach to "identify, from among several alternatives, the crime of conviction" in the case at hand. <u>Id.</u> We then compare that crime to "the generic offense"—the generic categories listed above—to determine whether it qualifies as a crime of violence. <u>Id.</u> We focus only "on the elements, rather than the facts, of a crime" to determine whether it is categorically a crime of violence under all circumstances. <u>Id.</u>

The Texas statute under which Madrid was convicted is divisible, as it contains alternative elements creating different crimes. We therefore review the state court indictment and entry of judgment to determine which of those crimes was Madrid's crime of conviction and whether it is categorically a crime of violence. In

making that determination, we do not consider the particular facts underlying Madrid's offense. Pursuant to these documents, the parties agree that Madrid was convicted under Texas Penal Code § 22.021(a)(1)(B)(i) & (a)(2)(B). At the time of his conviction in 2004, these statutory subsections provided that: "[a] person commits [aggravated sexual assault] . . . if the person . . . intentionally or knowingly . . . causes the penetration of the anus or sexual organs of a child by any means . . . and . . . the victim is younger than 14 years of age." § 22.021(a)(1)(B)(i) & (a)(2)(B). To uphold Madrid's sentence, his 2004 conviction under this portion of the statute must fit into one of the three Guidelines categories that make the prohibited conduct a crime of violence.

## A

The parties do not dispute whether Madrid's conviction "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 4B1.2(a)(1). A plain reading of the statutory text reveals that it does not. Cf. Dennis, 551 F.3d at 989. Rather, the statute criminalizes "intentionally or knowingly . . . caus[ing] the penetration of the anus or sexual organs of a child by any means . . . if . . . the victim is younger than 14 years of age." § 22.021(a)(1)(B)(i) & (a)(2)(B). The crime has three components: a mens rea element, a physical act element, and an age element. Notably absent is any requirement of force or lack of consent. Under the modified categorical approach, we do not need to go further. The portion of the statute under which Madrid was convicted can be satisfied without the use, attempted use, or threatened use of force.

-4-

## B

We are also asked to determine whether Madrid's conviction for statutory rape constitutes one of the offenses enumerated in the Guidelines. Of the crimes listed, only one is relevant to our inquiry; Commentary to the applicable Guideline lists "forcible sex offenses" as crimes of violence. § 4B1.2 cmt. n.1.[3] Having already concluded that force is not an element of the crime, we must determine if Madrid's conviction nonetheless qualifies as a "forcible sex offense."[4] As we recently held in United States v. Wray, 776 F.3d 1182, 1187 (10th Cir. 2015), statutory rape is not per se a forcible sex offense. And we conclude, under the language of the 2004 Texas statute, that Madrid's conviction is not a forcible sex offense within the meaning of § 4B1.2.

We have previously recognized that force does not need to be physical, but can be coercive. United States v. Romero-Hernandez, 505 F.3d 1082, 1088-89 (10th Cir. 2007). However, force must be a part of the criminal statute, not the factual conduct of the defendant, for a conviction to qualify under the modified categorical approach.

---

[3] Such commentary is authoritative "unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38 (1993).

[4] The explicit inclusion in the Guidelines of "forcible sex offenses" makes the analysis between the force-as-an-element crimes of violence and the enumerated crimes of violence very similar when applied to sex offenses. This analysis is less similar in the case of other enumerated crimes for which force is not an inherent part of the offense (e.g., extortion, arson, burglary, etc.).

Thus, as we have previously held, a statute encompassing situations in which the victim may factually consent to sexual activity is not a forcible sex offense. Wray, 776 F.3d at 1188. In Wray, we held that a Colorado statutory rape law which requires a 10-year age difference is not a forcible sex offense because "[t]he absence of legal consent does not preclude the possibility, in the context of statutory rape, of factual consent." Id. We so held because the Colorado statute distinguished between forcible and non-forcible sexual assaults. Id. Like the Colorado statute at issue in Wray, the Texas statute distinguishes between forcible and non-forcible sexual assault. Compare § 22.021(a)(1)(A)(i) (including the phrase "without that person's consent") with § 22.021(a)(1)(B)(i) (identically worded to § 22.021(a)(1)(A)(i) but omitting the phrase "without that person's consent").[5] The subsections under which Madrid was convicted criminalize sexual relations with a child under the age of fourteen, but are silent as to the issue of factual consent. Thus, as in Wray, we

_____

[5] That a conviction under § 22.021(a)(1)(B)(i) & (a)(2)(B) does not qualify as a "forcible sex offense" is further confirmed by a subsequent amendment to the statute by the Texas Legislature. As amended, the statute includes an increased penalty if "the victim of the offense is younger than fourteen years of age at the time the offense is committed and the actor commits the offense in a manner described by Subsection (a)(2)(A)." § 22.021(f)(2) (2015). Section 22.021(a)(2)(A) includes a list of aggravating factors that involve force or coercion, such as "caus[ing] serious bodily injury," § 22.021(a)(2)(A)(i), "plac[ing] the victim in fear [of] death, serious bodily injury, or kidnapping," § 22.021(a)(2)(A)(ii), "us[ing] or exhibit[ing] a deadly weapon," § 22.021(a)(2)(A)(iv), and administering common "date rape" drugs, § 22.021(a)(2)(A)(vi). The statute thus provides a harsher penalty for sexual acts with children under the age of fourteen when force or coercion is involved than for an ordinary conviction for statutory rape under § 22.021(a)(2)(B).

respect this distinction by holding that Madrid's Texas conviction does not qualify as a forcible sex offense under § 4B1.2 cmt. n.1.[6]

This holding does not contradict our precedent recognizing that statutes which require a showing of coercive force qualify as forcible sex offenses. For example, we have held that a conviction for aggravated incest qualifies as a crime of violence. This is because the "power asymmetry implicit" in the crime of sexual penetration between an adult and his natural child necessarily includes coercive force. United States v. Vigil, 334 F.3d 1215, 1220 (10th Cir. 2003). The government invites us to conclude that an element of coercive force may be found in the Texas statute because of the power imbalance between an adult assailant and a child victim. Perhaps we would so conclude if we considered the specific facts of Madrid's conviction, as the government urges through its repeated reference to the age of the victim and details of Madrid's crime. But our inquiry is limited to the statute itself, not the underlying facts of the crime; we look at the Texas statute to determine if proving force is a

---

[6] In United States v. Rooks, 556 F.3d 1145 (10th Cir. 2009), we held that § 22.011(a)(1)(A) qualifies as a crime of violence because it requires sexual penetration "without consent." Rooks, 556 F.3d at 1148 (emphasis added) (discussing Tex. Penal Code § 22.011(a)(1)(A) (1990)). But Rooks explicitly reserved the question of whether "the statutory rape covered by § 22.011(a)(2) would be a crime of violence." Id. Moreover, although Rooks recognized that "there is some support" to consider § 22.011(a)(1)(A) a crime of violence under the § 4B1.2(a)(1) elements approach, it held that § 22.011(a)(1)(A) qualifies as a crime of violence under the § 4B1.2(a)(2) residual clause, which, as discussed infra, we now hold to be unconstitutional. Rooks, 556 F.3d at 1149.

necessary part of the conviction, not whether the conviction is for an offense in which force was factually used. See Descamps, 133 S. Ct. at 2283-84.[7]

Unlike the portion of the incest statute at issue in Vigil, the Texas statute does not require the perpetrator to occupy a position of power or control. Under the plain text of the statute, two 13-year-old children engaging in consensual sexual activities could both be convicted of this crime, as could a 14-year-old engaging in consensual sexual activities with a 13-year-old. A limited age differential between the victim and perpetrator is not an affirmative defense to § 22.021(a)(1)(B)(i) & (a)(2)(B). See Tex. Pen. Code § 22.011(e)(2)(A) & (B)(i) (limiting defense of three-year-or-less age differential to crimes in which the victim is over the age of fourteen).

Because the statute under which Madrid was convicted does not necessarily require force or coercion, we hold that Madrid's conviction does not qualify as a forcible sex offense.[8]

---

[7] The government also argues that force can be inferred because the Texas Supreme Court held in In re B.W., 313 S.W.3d 818 (Tex. 2010), that sexual conduct with individuals under the age of fourteen is forcible as a matter of law. But the Texas Supreme Court held no such thing. Rather, it held that a 13-year-old child could not be adjudicated delinquent for prostitution because she could not legally consent to sex. Id. at 820-21. It did not conclude that a child under the age of fourteen cannot factually consent to sexual activity, and explicitly distinguished factual and legal consent. Id. at 824.

[8] United States v. Reyes-Alfonso, 653 F.3d 1137 (10th Cir. 2011), is also inapposite because it involved a sentencing under § 2L1.2(b), which concerns sentence enhancements for defendants convicted of unlawfully entering or remaining in the United States. Reyes-Alfonso, 653 F.3d at 1141. Unlike § 4B1.2, § 2L1.2 explicitly defines sexual abuse of a minor and statutory rape as "crimes of violence." § 2L1.2 cmt. n.1(B)(iii). As we explained in Wray, "[t]he express inclusion in one

## C

Having concluded that Madrid's conviction does not have as an element the use, threatened use, or attempted use of force, and that it is not a forcible sex offense, we turn to whether his conviction can be a considered a crime of violence under the residual clause of the Guidelines. In light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), we hold that the residual clause is unconstitutionally vague, and cannot be used to justify the enhancement of Madrid's sentence.

## 1

After briefing was complete in this case, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") defining "violent felony" was unconstitutionally vague. Johnson, 135 S. Ct. at 2557; see also United States v. Snyder, 793 F.3d 1241, 1245-46 (10th Cir. 2015) (applying Johnson). The ACCA residual clause is "virtually identical" to the residual clause of the Guidelines, and as such, this Court has consistently applied the same analysis to both clauses. See United States v. Thomas, 643 F.3d 802, 805 (10th Cir. 2011) ("Because of [the] commonality of language in the residual clauses of the ACCA and USSG § 4B1.2(a), we have consistently interpreted them identically."); see also Wray, 776 F.3d at 1184-85; United States v. McConnell, 605 F.3d 822, 828 (10th Cir. 2010).

part of the Guidelines of statutory rape and 'forcible sex offenses' where consent is not legally valid suggests, at a minimum, that statutory rape offenses not precluding the possibility of factual consent are not per se 'forcible sex offenses' under § 4B1.2." 776 F.3d at 1188.

In Johnson, the Supreme Court clarified that a void for vagueness challenge can be sustained if the challenged provision is "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." 135 S. Ct. at 2556. Although the first prong focuses on informing individuals of the potential criminal repercussions of their actions, the second prong addresses "arbitrary enforcement by judges." Id. at 2557.

Johnson is unambiguous. The vagueness doctrine exists not only to provide notice to individuals, but also to prevent judges from imposing arbitrary or systematically inconsistent sentences. The Supreme Court made this clear when it struck down the ACCA residual clause because of the "unavoidable uncertainty and arbitrariness of adjudication" that it created. Id. at 2562. Moreover, the Court noted that its own "repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause confirm its hopeless indeterminacy." Id.

The concerns about judicial inconsistency that motivated the Court in Johnson lead us to conclude that the residual clause of the Guidelines is also unconstitutionally vague. If one iteration of the clause is unconstitutionally vague, so too is the other. Cf., e.g., United States v. Tiger, 538 F.3d 1297, 1298 (10th Cir. 2008) (remanding § 4B1.2(a) sentencing enhancement because a Supreme Court decision construing the ACCA "applies equally to the sentencing guidelines"). Given our reliance on the ACCA for guidance in interpreting § 4B1.2, it stretches credulity to say that we could apply the residual clause of the Guidelines in a way that is constitutional, when courts cannot do so in the context of the ACCA.

-10-

That the Guidelines are advisory, and not statutory, does not change our analysis. The Supreme Court has held that the Guidelines are subject to constitutional challenge "notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." Peugh v. United States, 133 S. Ct. 2072, 2082 (2013) (citation omitted). Further, the Guidelines are the mandatory starting point for a sentencing determination; a district court can be reversed for failing to correctly apply them despite the ability to later deviate from the recommended range. Gall v. United States, 552 U.S. 38, 49-51 (2007). Because the Guidelines are the beginning of all sentencing determinations, and in light of the "unavoidable uncertainty and arbitrariness of adjudication under the residual clause," Johnson, 135 S. Ct. at 2562, we hold that the residual clause of § 4B1.2(a)(2) is void for vagueness.[9]

---

[9] We have previously noted that there is a conflict among the circuits in regard to whether the Guidelines may be challenged on vagueness grounds. See United States v. Bennett, 329 F.3d 769, 777 n.6 (10th Cir. 2003). At least three courts of appeals have held or assumed that the Guidelines can be challenged on vagueness grounds. See United States v. Gallagher, 99 F.3d 329, 334 (9th Cir. 1996) ("[V]ague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute."); see also United States v. Maurer, 639 F.3d 72 (3d Cir. 2011) (holding guideline was not unconstitutionally vague on the merits); United States v. Savin, 349 F.3d 27, 38 (2d Cir. 2003) (same). Three appellate courts have disagreed with this result, holding that the Guidelines may not be challenged for vagueness. See United States v. Tichenor, 683 F.3d 358, 363-66 (7th Cir. 2012), United States v. Smith, 73 F.3d 1414, 1417-18 (6th Cir. 1996); United States v. Wivell, 893 F.2d 156, 159-60 (8th Cir. 1990). These cases, however, all predate Peugh, 133 S. Ct. at 2082, in which the Supreme Court held that the Guidelines could be challenged as a violation of the ex post facto clause, despite being merely advisory. Further, the Sixth Circuit and Eighth Circuit already appear to have shifted course in light of Johnson. See United

Having held that the residual clause of § 4B1.2 is unconstitutionally vague, we must also determine the impact of this holding on Madrid's sentence. Because Madrid did not assert below that the residual clause is void for vagueness, we review for plain error. See Fed. R. Crim P. 52(b). Plain error occurs "when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Frost, 684 F.3d 963, 971 (10th Cir. 2012) (quotation omitted).

Because the residual clause is unconstitutionally vague following Johnson, sentencing Madrid under the residual clause was an error. And when case law alters the legal analysis between the time of trial and the time of appeal, "it is enough that an error be 'plain' at the time of appellate consideration." Johnson v. United States, 520 U.S. 461, 468 (1997). As discussed infra, the residual clause is unconstitutionally vague at the time of this appeal.[10]

States v. Taylor, No. 14-2635, 2015 WL 5918562, at *2 (8th Cir. Oct. 9, 2015) (to be published in F.3d) ("That the guidelines cannot be unconstitutionally vague because they do not proscribe conduct is doubtful after Johnson"); United States v. Franklin, No. 14-5093, 2015 WL 4590812, at *11 (6th Cir. July 31, 2015) (unpublished) (vacating and remanding an enhancement under the residual clause of the Guidelines "in light of Johnson"); United States v. Harbin, No. 14-3956, 2015 WL 4393889, at *1 (6th Cir. July 20, 2015) (unpublished) (vacating and remanding an enhancement under the residual clause, § 4B1.2(a)(2), because defendant "is entitled to the same relief as offenders sentenced under the residual clause of the ACCA").

[10] It is worth noting that other circuits have recognized that Johnson calls into question whether the Guidelines can be challenged for vagueness. Although the Sixth Circuit has already held that Johnson applies to the Guidelines, see, e.g., United States v.

"To satisfy the third prong of the plain error test, [the defendant] must demonstrate that the error affected his substantial rights, i.e., that the error disturbed 'the outcome of the district court proceedings.'" United States v. Taylor, 413 F.3d 1146, 1154 (10th Cir. 2005). Madrid must show "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." United States v. Gonzalez-Huerta, 403 F.3d 727, 733 (10th Cir. 2005) (citation omitted). The enhancement of Madrid's sentence due to his classification as a career offender is sizable: without it, the recommended range under the Guidelines was 92-115 months, compared to 188-235 months with the enhancement. As he was sentenced to the shortest recommended sentence within the enhanced recommendation (188 months), it seems reasonably probable that, without the enhancement, Madrid's recommended sentence would be much shorter.

Franklin, 2015 WL 4590812, at *11, the Seventh and First Circuits have recognized that this remains an open question, despite some circuits previously holding the Guidelines not subject to vagueness challenges. United States v. Rollins, No. 13-1731, 2015 WL 5117087, at *6 (7th Cir. Sept. 1, 2015) (to be published in F.3d) ("Accordingly, we do not address Johnson 's effect on the career-offender guideline; that question remains open in this circuit."); United States v. Castro-Vazquez, No. 13-1508, 2015 WL 5172839, at *9 (1st Cir. Sept. 4, 2015) (to be published in F.3d) ("We do not decide whether the residual clause of the guidelines fails under Johnson."). Though the Eleventh Circuit recently held the Guidelines are not subject to constitutional challenge, the cited cases supporting its holding all predate Peugh and Johnson, and the Eleventh Circuit does not address the "arbitrary enforcement by judges" with which Johnson was concerned. United States v. Matchett, No. 14-10396, 2015 WL 5515439, at *6-7 (11th Cir. Sept. 21, 2015) (to be published in F.3d). Further, an error may be plain "even if . . . there are no Supreme Court or Tenth Circuit cases that have directly opined on the question. Indeed, even if there is a split among our sister circuits . . . that would not necessarily prevent us from concluding that . . . [there] was clear or obvious error." United States v. Goodwin, No. 13-1466, 2015 WL 5167789, at *3 n.2 (10th Cir. Sept. 4, 2015) (unpublished) (citations omitted).

Finally, to satisfy the fourth prong, the error must implicate "core notions of justice," or "fundamental fairness issues." United States v. Sierra-Castillo, 405 F.3d 932, 941-42 (10th Cir. 2005). We have recognized that when the "correct application of the sentencing laws would likely significantly reduce the length of the sentence," circuit courts have almost uniformly held the error to implicate fundamental fairness issues. See United States v. Brown, 316 F.3d 1151, 1161 (10th Cir. 2003) ("[F]airness is undermined where a court's error impose[s] a longer sentence than might have been imposed had the court not plainly erred." (emphasis omitted)). Madrid received an enhanced sentence under an unconstitutional sentencing Guideline, undermining the fundamental fairness of his sentencing proceedings.

We thus hold that Madrid has established plain error on appeal and is entitled to resentencing.

### III

Under the plain language of § 22.021(a)(1)(B)(i) & (a)(2)(B), it is not necessary for the Government to prove that the defendant used force—coercive or otherwise—in the commission of the crime. Madrid's Texas conviction thus does not qualify as a crime of violence under the § 4B1.2(a)(1) elements approach. For the same reason, it does not qualify as a "forcible sex offense" under § 4B1.2 cmt. n.1, a conclusion further compelled by our holding in Wray, 776 F.3d at 1188. In light of Johnson, reliance upon the § 4B1.2(a)(2) residual clause to enhance Madrid's sentence is unconstitutional. Madrid's Texas conviction therefore does not qualify as a "crime of violence" under § 4B1.2.

-14-

We accordingly **REMAND** to the district court with instructions to **VACATE**

Madrid's sentence and to resentence in a manner not inconsistent with this opinion.