FILED
United States Court of Appeals
Tenth Circuit

December 7, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TOMMY LOUIS TAYLOR, a/k/a
Tommy Lewis Taylor, a/k/a/ Tommy
Taylor, Jr.,

Defendant - Appellant.

No. 15-7004
(D.C. No. 6:14-CR-00042-RAW-1)
(E. D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE, SEYMOUR,** and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In this direct appeal, Tommy Taylor, the defendant, challenges the district court's conclusion that his prior conviction for failure to stop at a roadblock qualifies as a "crime of violence" under the United States Sentencing Guidelines §§ 2K2.1(a)(2), 4B1.2(a)(2). In light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), and this court's decision in United States v. Madrid, No. 14-2159, 2015 WL 6647060 (10th Cir. Nov. 2, 2015), we agree with the government's suggestion that Taylor's resulting sentence is based on the residual clause of U.S.S.G. § 4B1.2(a)(2), which is unconstitutionally vague. Exercising jurisdiction under 28 U.S.C. § 1291, we remand with directions to vacate Taylor's sentence and to resentence.

*Background*

Taylor was charged and convicted of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Probation Officer concluded in his Presentence Report that Taylor committed the instant offense subsequent to sustaining two felony convictions for crimes of violence, which increases the base offense level for the instant sentencing pursuant to U.S.S.G. § 2K2.1(a)(2).

Taylor objected to the district court classifying his prior conviction for failure to stop at a roadblock as a crime of violence for sentencing purposes. In response, the government argued that the roadblock offense qualified as a crime of violence under the residual clause of § 4B1.2(a)(2). At the sentencing hearing, the district court concluded Taylor's roadblock offense constituted a crime of violence under U.S.S.G. § 4B1.2, after employing the modified categorical approach. As a result, the district court set Taylor's

base offense level at 24, pursuant to U.S.S.G. § 2K2.1(a)(2). No other Sentencing Guideline adjustments were applied. Taylor's criminal history was calculated at Category VI, and his corresponding guideline sentencing range was 100–120 months. The district court sentenced Taylor to 110 months' imprisonment, followed by three years' supervised release.

*Scope of Review*

Taylor argues that the residual clause of § 4B1.2(a)(2) is unconstitutionally vague in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). As Taylor did not raise this argument before the district court, he acknowledges that we must now review his sentencing for plain error. See Fed. R. Crim. P. 52(b). Under plain error review, the appellant is entitled to relief only when "(1) an error occurred; (2) the error is plain or obvious; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Pablo, 696 F.3d 1280, 1287 (10th Cir. 2012). "An error is plain if it is clear or obvious under current, well-settled law. In general, for an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue." United States v. DeChristopher, 695 F.3d 1082, 1091 (10th Cir. 2012) (internal quotation marks omitted).

*Residual Clause of U.S.S.G. § 4B1.2(a)(2)*

In June 2015, the Supreme Court decided Johnson, in which it held that the residual clause of the definition of "violent felony" in the Armed Career Criminal Act

-3-

(ACCA) was unconstitutionally vague. 135 S. Ct. at 2556–62. The language of the clause at issue in Johnson and the clause Taylor challenges here are identical, and this court has held that interpretations of the ACCA's violent felony residual clause apply to the Sentencing Guidelines' crime of violence residual clause. United States v. Wray, 776 F.3d 1182, 1184–85 (10th Cir. 2015); compare 18 U.S.C. § 924(e)(2)(B)(ii) with U.S.S.G. § 4B1.2(a)(2). Accordingly, this court recently held in Madrid that, under Johnson, the residual clause of U.S.S.G. § 4B1.2(a)(2) is unconstitutionally vague. No. 14-2159, slip op. at 9–14, 2015 WL 6647060, at *3–4. These decisions apply to Taylor's direct appeal, which was pending at the time these decisions were issued. See Griffith v. Kentucky, 479 U.S. 314, 328 (1987); Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). The district court's application of the residual clause to Taylor's prior conviction was therefore error, and was plain in light of this now well-settled law. See Henderson, 133 S. Ct. at 1126 ("[T]he general rule is that an appellate court must apply the law in effect at the time it renders its decision.") (internal quotation marks omitted).

As regards the effect of this sentencing error on Taylor's substantial rights, when a district court "err[s] in calculating the applicable Guidelines range, we must remand for resentencing unless we are able to ascertain that the court's erroneous calculation did[no]t affect the ultimate sentence issued." United States v. Huizar, 688 F.3d 1193, 1197 (10th Cir. 2012) (quoting United States v. Todd, 515 F.3d 1128, 1134–35 (10th Cir. 2008) (internal quotation marks omitted). Here, had the district court not concluded the roadblock offense was a crime of violence, Taylor's base offense level would likely have

been 20, rather than 24. U.S.S.G. § 2K2.1(a)(4)(A) (setting the base offense level at 20 where "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense"). With his Category VI criminal history, Taylor's advisory sentencing range would have been 70–87 months, rather than 100–120 months. The district court's error therefore affected Taylor's substantial rights.

Additionally, the government concedes in its response brief that the residual clause of U.S.S.G. § 4B1.2(a)(2) is unconstitutionally vague, and agrees that resentencing is necessary here. Aplee. Br. at 7.

We remand with directions to vacate Taylor's sentence and to resentence.

Entered for the Court


Mary Beck Briscoe
Circuit Judge