FILED
United States Court of Appeals
Tenth Circuit

April 29, 2016

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re: JASON THOMAS ENCINIAS,

Movant.

No. 16-8038
(D.C. Nos. 1:06-CV-00093-WFD &
2:01-CR-00099-WFD-2)
(D. Wyo.)

---

**ORDER**

---

Before **TYMKOVICH**, Chief Judge, **LUCERO** and **McHUGH**, Circuit Judges.

---

**PER CURIAM**.

---

Jason Thomas Encinias, through counsel,[1] seeks authorization to file a second

or successive motion for relief under 28 U.S.C. § 2255 to challenge his enhanced

sentence imposed under the career-offender provision of the United States Sentencing

Guidelines, U.S.S.G. § 4B1.1. He relies on 28 U.S.C. § 2255(h)(2), which permits

authorization of claims that contain "a new rule of constitutional law, made

retroactive to cases on collateral review by the Supreme Court, that was previously

unavailable." To obtain authorization, he must make a "prima facie" showing that

his claim meets this gatekeeping requirement. 28 U.S.C. § 2244(b)(3)(C). We have

---

[1] The Federal Public Defender for the Districts of Wyoming and Colorado is
appointed to represent Mr. Encinias in this matter pursuant to 18 U.S.C.
§ 3006A(a)(2)(B).

characterized this showing as involving "only a preliminary determination" based on "an expedited assessment" as to whether the movant's case in support of authorization "demonstrate[s] possible merit to warrant a further exploration [of the grounds for authorization] by the district court," Case v. Hatch, 731 F.3d 1015, 1028 (10th Cir. 2013) (internal quotation marks omitted); see also id. at 1028-29 (noting that to grant authorization circuit court need only decide "it appears reasonably likely that the application satisfies the stringent requirements of the filing of a second or successive petition," leaving definitive disposition of that question to the district court (internal quotation marks omitted)).

Encinias alleges that one or more of the predicate felony offenses relied on for designating him a career offender qualified for that purpose by virtue of the residual clause in the Guideline's definition of "crime of violence," which encompasses crimes that "involve[] conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). He seeks to challenge his sentence on the basis of a new rule of constitutional law established in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015). The Supreme Court recently made Johnson's holding retroactive to cases on collateral review in Welch v. United States, ___ U.S. ___, 2016 WL 1551144, at *8 (Apr. 18, 2016). Thus, Encinias is entitled to

authorization for his challenge to the career-offender Guideline so long as it is properly deemed to be based on Johnson for purposes of § 2255(h)(2).[2]

In Johnson, the Court held that the identical residual clause in the definition of "violent felony" under the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. Specifically, the Court concluded that the "residual clause . . . invites arbitrary enforcement by judges" and thus "[i]ncreasing a defendant's sentence under the clause denies due process of law." Johnson, 135 S. Ct. at 2557. In United States v. Madrid, 805 F.3d 1204 (10th Cir. 2015), a direct criminal appeal, we held that Johnson's invalidation of the unconstitutionally vague residual clause in the ACCA led to the same result for the career-offender Guideline: "The concerns . . . that motivated the Court in Johnson lead us to conclude that the residual clause of the Guidelines is also unconstitutionally vague. If one iteration of the clause is unconstitutionally vague, so too is the other." Id. at 1210; see also In re Robinson, No. 16-11304-D, 2016 WL 1583616, at *2 n.2 (11th Cir. Apr. 19, 2016) (unpublished) (Martin, J., concurring) (noting every circuit except the Eleventh has

---

[2] Section 2255(h)(2) states that the claim for which authorization is sought must "contain" the new rule of constitutional law. We have taken this to mean the claim must be "based upon" or "rel[y] on" the new rule cited by the movant. United States v. Wetzel-Sanders, 805 F.3d 1266, 1268 (10th Cir. 2015), petition for cert. filed (U.S. Mar. 28, 2016) (No. 15-8750); In re Shines, 696 F.3d 1330, 1332 (10th Cir. 2012).

held or assumed <u>Johnson</u> applies to the Guidelines).[3] Thus, although the immediate antecedent for Encinias' challenge to the career-offender Guideline is our decision in <u>Madrid</u>, that decision was based, in turn, on the seminal new rule of constitutional law recognized in <u>Johnson</u> and now made retroactive to collateral review by <u>Welch</u>.

We recognize that before this court could consider applying <u>Johnson</u> to the career-offender Guideline in <u>Madrid</u>, we had to first decide that the vagueness doctrine enforced by <u>Johnson</u> applies to the Sentencing Guidelines. <u>See</u> <u>Madrid</u>, 805 F.3d at 1211. The circuits are split on that issue, but trend toward accepting our view in light of <u>Peugh v. United States</u>, ___ U.S. ___, 133 S. Ct. 2072, 2082 (2013). <u>Madrid</u>, 805 F.3d at 1211 n.9. In <u>Peugh</u>, the Court held that the Guidelines are subject to ex post facto challenges "notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." 133 S. Ct. at 2082. Discussing a prior decision concerning a state sentencing scheme that "achieved its 'binding legal effect' through a set of procedural rules and standards for appellate review that, in combination, encouraged district courts to sentence within the guidelines," the Court explained that the "federal sentencing regime after <u>Booker</u> does the same." <u>Id.</u> at 2086.

---

[3] We further note that the Supreme Court has vacated and remanded several career-offender sentences for reconsideration in light of <u>Johnson</u>. <u>See, e.g.</u>, <u>United States v. Maldonado</u>, 581 F. App'x 19, 22-23 (2d Cir. 2014), <u>vacated</u>, 135 S. Ct. 2929 (2015); <u>Beckles v. United States</u>, 579 F. App'x 833, 833-34 (11th Cir. 2014), <u>vacated</u>, 135 S. Ct. 2928 (2015).

Thus, one might object that Encinias is relying on <u>Madrid</u> rather than <u>Johnson</u> to satisfy § 2255(h)(2).  But given the similarity of the clauses addressed in the two cases and the commonality of the constitutional concerns involved, we consider it appropriate to conclude, as a prima facie matter, that Encinias' challenge to his career-offender sentence is sufficiently based on <u>Johnson</u> to permit authorization under § 2255(h)(2).[4]

The motion for authorization is **GRANTED**.

---

[4] Other circuits have reached differing conclusions on this question.  The Seventh Circuit has authorized second or successive challenges to the career-offender Guideline based on <u>Johnson</u>.  <u>See, e.g.</u>, <u>Stork v. United States</u>, No. 15-2687, 2015 WL 5915990 (7th Cir. Aug. 13, 2015) (unpublished).  The Eleventh Circuit has held that the lack of Supreme Court precedent applying <u>Johnson</u> in this context precludes authorization.  <u>See</u> <u>In re Rivero</u>, 797 F.3d 986, 991 (11th Cir. 2015).