FILED
United States Court of Appeals
Tenth Circuit

**January 24, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MIGUEL ROMERO,

    Defendant - Appellant.

No. 16-3263
(D.C. No. 2:05-CR-20017-JWL-2)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **EBEL** and **BACHARACH**, Circuit Judges.
_____

Miguel Romero seeks a certificate of appealability (COA) to appeal the district court's dismissal of his request for leave to file a second or successive 28 U.S.C. § 2255 motion. We deny a COA and dismiss this matter.

After being found guilty of multiple drug offenses, Mr. Romero was sentenced to life in prison on three counts and concurrent multi-year sentences on three other counts. This court affirmed. *United States v. Verdin-Garcia*, 516 F.3d 884, 899 (10th Cir. 2008). Mr. Romero later unsuccessfully sought relief under § 2255. *United States v. Romero*, 574 F. App'x 848, 848-49 (10th Cir. 2014).

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In June 2016, Mr. Romero filed in the district court a request for appointment of counsel and for leave to file a second or successive § 2255 motion under *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court invalidated the so-called "residual clause" portion of the definition of "violent felony" in the Armed Career Criminal Act (ACCA). *See id.* at 2563. In *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Supreme Court made *Johnson* retroactively applicable to cases on collateral review. Mr. Romero sought to use *Johnson* to challenge the application of Sentencing Guideline § 2D1.1(b)(1), which provides for a two-level increase for possessing a dangerous weapon in connection with a drug offense.

The district court explained to Mr. Romero that it did not have the ability to authorize a second or successive § 2255 motion and that it lacked jurisdiction to consider an unauthorized second or successive motion. *See In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (per curiam). It further declined to transfer the motion to this court for authorization because Mr. Romero could not assert a cognizable *Johnson* claim, given that § 2D1.1(b)(1) does not contain the "residual clause" language that *Johnson* invalidated. Accordingly, the district court denied the request for appointed counsel and dismissed the remainder of the motion.

Mr. Romero then filed a motion to alter or amend the judgment, arguing that he did have a viable *Johnson* claim. The district court again concluded that *Johnson* had no effect on § 2D1.1(b)(1) and denied the motion.

To appeal, Mr. Romero must obtain a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Where, as here, a district court has dismissed a

filing on procedural grounds, for a COA the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

No reasonable jurist could dispute the district court's conclusion that it lacked jurisdiction over Mr. Romero's *Johnson* claim. As set forth in 28 U.S.C. §§ 2255(h) and 2244(b), a federal prisoner cannot file a second or successive § 2255 motion unless he first obtains authorization from this court—not the district court. And "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization." *Cline*, 531 F.3d at 1251. Because Mr. Romero did not obtain this court's authorization before filing his motion, the district court lacked jurisdiction to decide the *Johnson* claim.

Mr. Romero asserts that the district court should have transferred his motion to this court for authorization. Whether to transfer an unauthorized second or successive § 2255 motion to this court, rather than to dismiss it, is a matter within the district court's discretion. *See id.* at 1252. "Where there is no risk that a meritorious successive claim will be lost absent a . . . transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." *Id.*

We agree with the district court that Mr. Romero's proposed *Johnson* claim lacks merit because § 2D1.1(b)(1) does not contain the "residual clause" language invalidated by *Johnson*. Relying on a Guideline commentary noting "[t]he enhancement for weapon

3

possession in subjection (b)(1) reflects the increased danger of violence when drug traffickers possess weapons," U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.11(A) (U.S. Sentencing Comm'n), Mr. Romero argues that the enhancement "render[s] vague thought into the judge[']s mind that Appellant committed a crime of violence," Mot. at 7, making § 2D1.1(b)(1) akin to a crime of violence. This court has invalidated, under *Johnson*, the residual-clause portion of the definition of "crime of violence" formerly in another Guideline, § 4B1.2(a)(2). *See United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015). But § 4B1.2(a)(2) had the same residual-clause language as the ACCA. *See Madrid*, 805 F.3d at 1210. Section 2D1.1(b)(1) does not. Mr. Romero's attempt to link *Johnson* to a Guideline that has no residual clause, through a commentary that also fails to include residual-clause language, is far too attenuated to create a colorable *Johnson*-based challenge to the § 2D1.1(b)(1) increase. Because Mr. Romero was not at risk of losing a meritorious claim, it follows that the district court did not abuse its discretion in declining to transfer his motion to this court for authorization.

A COA is denied and this matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

4