**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TIMOTHY JOHN VAUGHN,

    Defendant - Appellant.

No. 16-5145
(D.C. Nos. 4:16-CV-00523-CVE-PJC and
4:00-CR-00126-CVE-6)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Defendant Timothy Vaughn seeks a certificate of appealability (COA) to appeal the denial of his motion for relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal a denial of relief under § 2255). He contends that his life sentence must be set aside because the applicable provision of the Sentencing Guidelines is unconstitutionally vague. But that provision was irrelevant to his sentence. His life sentence was not imposed under the guidelines but under a statutory provision that has not been challenged as vague. We deny a COA because no reasonable jurist could have ruled in his favor.

Defendant was indicted on a charge of conspiracy to distribute and to possess with intent to distribute cocaine, crack cocaine, and marijuana, in violation of 21 U.S.C. § 846. The government filed an information setting forth his two prior felony drug convictions

and stating that if he were convicted on the charge against him, it would seek an enhancement of his sentence under 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(ii) and (vii), which provide for a mandatory sentence of life imprisonment if a defendant convicted on that charge has two prior convictions of felony drug offenses.

The presentence investigation report prepared after Defendant's conviction in this case noted that Defendant had two prior convictions that qualified as controlled-substance offenses and one that qualified as a crime of violence under USSG § 4B1.2. As a result, he was treated as a career offender under USSG § 4B1.1 and his guidelines sentencing range was 360 months to life imprisonment.

Defendant's complaint in this court is that some of the language in § 4B1.2 defining *crime of violence* is virtually identical to language in the Armed Career Criminal Act, 18 U.S.C. § 924(e), held to be unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Indeed, we have held that this language in § 4B1.2 is also unconstitutionally vague. *See United States v. Madrid*, 805 F.3d 1204, 1210–11 (10th Cir. 2015).

But Defendant's mandatory life sentence was not affected by § 4B1.2. It was the statutory mandatory minimum for offenders with two prior felony drug offenses that caused him to receive a sentence of life imprisonment. Because Defendant has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), he is not entitled to relief.

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge