**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JULIO MENDOZA-ACOSTA,

     Defendant-Appellant.

No. 17-2000
(D.C. Nos. 1:16-CV-00732-WJ-GBW
& 2:10-CR-02848-WJ-1)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **HARTZ** and **BACHARACH**, Circuit Judges.

Julio Mendoza-Acosta, proceeding *pro se*, seeks a certificate of

appealability (COA) to appeal the district court's dismissal with prejudice of his

28 U.S.C. § 2255 motion. We deny his request and dismiss this matter.

I

On December 9, 2010, Mendoza-Acosta plead guilty to possession of 100

kilograms of marijuana with intent to distribute in violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(B) and to reentry of a removed alien in violation of 8

U.S.C. §§ 1326(a) and (b). At sentencing, the district court classified Mendoza-

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

Acosta as a career offender based on his current and two prior "controlled substance offense[s]" under United States Sentencing Guidelines § 4B1.1(a) (2011) and thus enhanced his sentence to 210 months of imprisonment plus 20 years of supervised release.  See Mot. to Vacate at 5, ECF No. 44; Order at 5, ECF No. 45; see also Mot. for Order at 2, ECF No. 41.[1]  Mendoza-Acosta did not file a direct appeal.

On June 27, 2016, Mendoza-Acosta filed this, his first,[2] 28 U.S.C. § 2255 motion, arguing that Johnson v. United States, __U.S.__, 135 S. Ct. 2551 (2015) and United States v. Madrid, 805 F.3d 1204 (10th Cir. 2015) rendered his

---

[1] These are the only record documents indicating that Mendoza-Acosta's sentencing enhancement came from the Guidelines as opposed to the Armed Career Criminal Act (ACCA).  The Sentencing Minute Sheet states that he was "covered under the Armed Career Criminal Act."  Sentencing Min. Sheet, ECF No. 29.  But his sentence enhancement could not have been based on the ACCA because his current conviction was not for being a felon in possession of a firearm.  See 18 U.S.C. § 924(e).

[2] On June 16, 2014, Mendoza-Acosta submitted a letter to the district court stating that he filed a § 2255 motion in March, 2013 but never received any response either granting or denying relief.  Letter, ECF No. 34.  His Combined Opening Brief and Application for a COA also indicates that he previously sought § 2255 relief.  Aplt. Br. at 1.  No prior § 2255 motion appears in the record, however.  The district court docket shows only one motion filed in March, 2013: a Motion to Compel Defense Counsel to Release All Records and Files, by a Prisoner in Federal Custody.  Mot., ECF No. 31.  Mendoza-Acosta, also then *pro se*, successfully moved the district court to order his former federal defender to release files related to his case "pertinent to the Movant proceeding with post-sentencing remedies . . . ."  Id. at 1.  He did later move to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a change to U.S. Sentencing Guidelines § 1B1.10.  Mot. at 1, ECF No. 15.  Thorough record searches for other cases under his name and variants of it showed no previous § 2255 motion.  We thus treat the present motion as his first.

2

sentence enhancement unconstitutional. The district court denied the motion and denied a COA because Mendoza-Acosta's enhancement was not based on either the Armed Career Criminal Act (ACCA) residual clause invalidated in Johnson (18 U.S.C. §924(e)(2)(B)), or the textually identical residual clause in the Sentencing Guidelines (§ 4B1.2(a)(2)), which we had also held to be unconstitutionally vague. Madrid, 805 F.3d at 1210-11, overruled on this point by Beckles v. United States, __U.S.__, 137 S. Ct. 886, 890 (2017). Mendoza-Acosta now seeks a COA from this court. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). See also 28 U.S.C. § 1291.

## II

Mendoza-Acosta's Combined Opening Brief and COA Application has only one and a half sentences of argument: "In United States v. Johnson, the Supreme Court invalidated the use of the residual clause to enhance a Federal sentence ruling that the residual caluse [sic] is unconstitutionally vague. There is no distinguishable difference." Aplt. Combined Opening Brief and Applic. for COA at 3. If Mendoza-Acosta is intending to assert that there is no distinguishable difference between the ACCA's residual clause invalid under Johnson and the Guideline under which he was sentenced, even that argument would not provide a basis for our granting a COA. Even if we assume Mendoza-Acosta intended to argue that Johnson renders his sentence enhancement under Sentencing Guideline § 4B1.1(a) unconstitutionally vague, we would deny relief because these advisory

3

Guidelines "are not subject to vagueness challenges under the Due Process Clause . . . ." <u>Beckles</u>, 137 S. Ct. at 890. Mendoza-Acosta could not show that jurists of reason would disagree with this reading of current precedent.

III

We DENY his request for a COA and dismiss the matter. We GRANT his motion to proceed *in forma pauperis*.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4