FILED
United States Court of Appeals
Tenth Circuit

June 21, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL DUANE RABIEH,

Defendant - Appellant.

No. 16-6317
(D.C. Nos. 5:16-CV-00423-C and
5:07-CR-00058-C-2)
(W.D. Okla.)

ORDER AND JUDGEMENT[*]

Before **PHILLIPS**, **McKAY**, **McHUGH**, Circuit Judges.

Michael Rabieh pled guilty to knowingly and intentionally distributing

methamphetamine in violation of 21 U.S.C. § 841(a)(1). The district court applied the

career-offender enhancement under U.S. Sentencing Guidelines § 4B1.1, and sentenced

Mr. Rabieh to 151 months' imprisonment. Several years later, Mr. Rabieh filed a pro se

motion for federal habeas relief under 28 U.S.C. § 2255 based on *Johnson v. United*

*States*, 135 S. Ct. 2251 (2015), which held that the residual clause of the Armed Career

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

Criminal Act was unconstitutionally vague, and *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015), which applied *Johnson* to the residual clause for the career-offender sentencing enhancement, as defined in U.S.S.G. § 4B1.2(a)(2).

The district court denied the § 2255 motion because the plea agreement contained a collateral-attack waiver. Subsequently, the district court granted a certificate of appealability on whether enforcement of the waiver would constitute a miscarriage of justice under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004). However, after the certificate was granted, the Supreme Court issued its opinion in *Beckles v. United States*, 137 S. Ct. 886 (2017). *Beckles* held that the Sentencing Guidelines, including the residual clause of § 4B1.2(a)(2), are not susceptible to vagueness challenges under the Due Process Clause. Thus, we need not address whether the plea waiver precludes this collateral attack because Mr. Rabieh's § 2255 motion lacks merit in light of *Beckles*.

**AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge